In the Matter of the Application of ERNEST C. SPOSATO, Petitioner.

RONALD GRAHAM et al., Respondents.*

Supreme Court, Onondaga County, September 9, 1943.

*Irving H. Lessen* for petitioner.

*Walter Soule* for Ronald Graham, respondent.

*Charles Major* for Election Commissioners and another. respondents.

CREGG, J. This is an application for an order directing the Commissioners of Election and the Board of Elections of the County of Onondaga to disregard the name of Ronald Graham which was written in on the primary ballots of the American Labor Party held on August 10, 1943, for the office of District Attorney of Onondaga County, and not to place the

---

* See, also, *Matter of Sposato (Graham)*, 180 Misc. 933.— [REP.

same upon the printed ballots of the voting machines for the election to be held on November 2nd. The application is made upon the grounds that Ronald Graham is not an attorney and counselor at law and therefore he is not eligible to hold the office of district attorney.

It was conceded upon the argument that Ronald Graham was not an attorney. It was urged, however, by Mr. Soule, attorney for Graham, that if his name was prohibited from appearing upon the voting machines, voters in the county of Onondaga who desired to vote for him would be disfranchised and for that reason his name should appear upon the voting machines. If such voters are disfranchised it is because some members of the party attempted to nominate for the office of District Attorney one who they knew had been disqualified by a previous decision of the Supreme Court.

It was further urged by the attorney for Graham that he was not disqualified from holding the office because the laws of this State did not specify the qualifications required of a person to hold the office of district attorney. The law is clearly defective in this respect. However, the laws of this State provide that no one can appear and act as attorney in courts of record in this State unless he is a duly qualified attorney, except where he appears in his own behalf. In my opinion, Graham would be disqualified from holding the office of District Attorney if he were elected. It does not seem reasonable to me that the Election Law, which provides for nominations by primary or by petition and election by ballots printed at public expense, authorizes the nomination of a person concededly disqualified from holding the public office which he seeks. All votes for him would be of no avail. The election machinery which is run at great public expense is for the purpose of doing a useful and not useless thing.

Order may be entered in accordance with this opinion directing the Commissioners of Election and the Board of Elections of Onondaga County to disregard the name of Ronald Graham and not place it upon the printed ballots of the voting machines for the election to be held November 2, 1943, in the county of Onondaga, New York.