■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED BATCHELOR, Appellant.—Judgment reversed, on the law and facts, and a new trial granted. Memorandum: On this appeal, we conclude that the

judgments of conviction must be reversed and defendant granted a new trial. Defendant was found guilty after a jury trial upon a two-count indictment which charged him with: (1) criminal possession of a controlled substance in the third degree in that on October 9, 1974 he knowingly and unlawfully possessed a narcotic drug with intent to sell the same; and (2) a criminal sale of a controlled substance in the third degree in that on October 9, 1974 he knowingly and unlawfully sold a narcotic drug. In response to a defense motion for a bill of particulars, the District Attorney's office provided the following information as to the date, time and place of the alleged crime: "September 22, 1974; at approximately 4:00 P.M.; Woodlawn and Jefferson, in the City of Buffal. October 9, 1974; at approximately 4:00 P.M.; Woodlawn and Jefferson, in the City of Buffalo." The trial court, *upon request from the jury,* charged: "You must consider the evidence as to the acts alleged on September 22nd in deciding whether or not a sale was effected on that date, as well as deciding whether or not a sale was effected on October 9th. Conversely, you may consider the evidence as to the acts alleged on October 9th in deciding whether or not a sale was effected on September 22nd. You may find under the facts of this case that sales under the definitions took place on both September 22nd and October 9th. Such facts are for you to determine. If you do so find that two sales actually took place, either would be sufficient to support a verdict of guilty. But you may then return a verdict of guilty without having to specify that fact." (Emphasis supplied.) Defense counsel's objection to the charge was denied. Such charge was error because the jury was permitted to find the defendant guilty of the September 22 sale, for which he was not indicted. At the very least the charge as given was confusing and may well have left an improper instruction in the jurors' minds. That the jury had some question as to how the law was to be applied with respect to proof of defendant's guilt vis-à-vis these two dates is evidenced by its request to the trial court for an additional charge on this issue. The defendant was indicted for possession and sale of heroin on October 9, 1974. The bill of particulars specified the additional date of September 22, 1974. "A bill of particulars cannot, of course, serve to amend an indictment, nor can it even cure a defective pleading" (Denzer, Practice Commentary, McKinneys Cons Laws of NY, Book 11A, CPL 200.90, p 292; *People v Oliver,* 3 NY2d 684; *People v Corbalis,* 178 NY 516). Thus, the conviction insofar as it was based upon a sale should be reversed. Further, the conviction for criminal possession must also be reversed because the court improperly refused to rule on defendant's *Sandoval* motion (see *People v Sandoval,* 34 NY2d 371). Before the trial commenced, defendant submitted an affidavit to the court alleging that he had been convicted of two prior misdemeanors; criminal possession of a dangerous drug on March 7, 1973 and criminal possession of a dangerous drug on August 20, 1973. In response, the People contended that the defendant had convictions and arrests other than the two listed in his affidavit. The court, believing defendant's affidavit was incomplete, refused to receive it and ordered a hearing. When defendant refused to testify at a *Sandoval* hearing, the court denied his motion. The procedure adopted by defendant complied with the directions in *Sandoval (People v Sandoval, supra,* p 375) and inasmuch as the convictions alleged involved possession, the same as the instant crime charged, and did not go to the issue of credibility, the court erred in refusing to foreclose cross-examination on them (see *People v Carmack,* 52 AD2d 264). We also believe that it was an abuse of discretion for the trial court to insist upon a hearing. The defendant's affidavit was sufficient. The fact that he may have had other convictions is

not controlling. If he chose not to exercise his pretrial right to obtain a prospective ruling with respect to these other convictions, he could be cross-examined concerning them at the trial. The denial of the relief requested was not harmless error since it effectively foreclosed defendant from testifying at the trial without running the risk of prejudicing himself before the jury. All concur except Moule, J., who dissents in part and votes to affirm the conviction for criminal possession. (Appeal from judgment of Erie Supreme Court—criminal possession controlled substance, third degree, etc.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.