■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY PAUL SMITH, Appellant.—Judgment unanimously reversed, on the law, and new

trial granted. Memorandum: Defendant was convicted of sexual abuse in the first degree (Penal Law, § 130.65, subds 1, 3) for sexually molesting a nine-year-old girl who was an overnight guest in his home in December, 1974. The trial court denied defendant's motion, pursuant to *People v Sandoval* (34 NY2d 371) to preclude cross-examination for purposes of impeachment regarding criminal sexual acts by defendant, all occurring in 1975, to wit: a charge of sodomy involving a child for which defendant had been arrested; a charge of sexual abuse in the first degree involving a child for which defendant had been arrested and indicted; a charge of sexual abuse in the first degree involving a child for which defendant had been arrested; and an allegation of sexual abuse involving a child for which defendant had not, at the time of the trial, been formally charged. On the basis of the trial court's denial, defendant decided not to testify in his own behalf despite the fact that the only direct evidence against him was the testimony of the alleged victim, who had failed to report the incident for more than six months after she claimed that it had occurred. The defendant's conviction should be reversed, and a new trial granted. The trial court abused its discretion in denying the motion (see *People v Dickman*, 42 NY2d 294; *People v Sandoval, supra; People v Schwartzman*, 24 NY2d 241, cert den 396 US 846; *People v Russell*, 266 NY 147; *People v Zackowitz*, 254 NY 192; *People v Batchelor*, 57 AD2d 1059; *People v Carmack*, 52 AD2d 264; *People v Santiago*, 47 AD2d 476; *People v Johnson*, 31 AD2d 842; accord *People v Duffy*, 36 NY2d 258, mod 36 NY2d 857, cert den 423 US 861; and see *People v Molineaux*, 168 NY 264). As stated in *People v Batchelor (supra,* p 1060) this, "was not harmless error since it effectively foreclosed defendant from testifying at the trial without running the risk of prejudicing himself before the jury." Had defendant exposed himself to such cross-examination, the jury might well have inferred that "one who has sinned before has sinned again, and is guilty of the crime charged" *(People v Carmack, supra,* p 266). The prejudice to defendant in that event would have far outweighed the probative value such testimony might have had as to the defendant's credibility (see *People v Sandoval, supra).* Defendant's second contention, that the trial court committed reversible error in instructing the jury that they could consider the failure of the defense to call as a witness the woman with whom defendant lived at the time of the incident if they found that the witness was under the control of the defendant, and had information material to the case, is without merit because the defendant came forward with evidence in his defense and it could be found that the witness not called was under the control of the defendant and had information material to the case (see *People v De Jesus*, 42 NY2d 519; *People v Rodriguez*, 38 NY2d 95). (Appeal from judgment of Monroe County Court—sexual abuse, first degree.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.