██ CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent-Appellant, v COUNTY OF ONEIDA et al., Appellants-Respondents.—Order unanimously affirmed, without costs. Memorandum: At the time of oral argument the parties stipulated that the only issue presented to the court was the plaintiff's appeal from the order denying it summary judgment and that is the only issue we pass upon. (Appeals from order of Oneida Supreme Court —summary judgment, etc.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.

██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE ARTHUR PARK, Appellant.—Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: Defendant appeals from a conviction for arson in the fourth degree (Penal Law, § 150.05) after a jury trial. At trial, following a hearing held pursuant to *People v Sandoval* (34 NY2d 371) and over the defense attorney's objections, the court ruled that the District Attorney would be allowed to cross-examine the defendant concerning admissions which he allegedly made to a police officer concerning five prior uncharged acts of arson. As a result of this ruling, the defendant chose not to testify in his own behalf. On appeal, the defendant contends that the court's decision constitutes reversible error. We agree. Cross-examination as to the prior, uncharged acts of arson would be "highly prejudicial [to the defendant] in view of the risk, despite the most clear and forceful limiting instructions to the contrary, that the evidence [would] be taken as some proof of the commission of the crime charged rather than be reserved solely to the issue of credibility" *(People v Sandoval, supra,* p 377). Further, the danger of such prejudice to defendant far outweighs any possible probative value of cross-examination regarding the prior acts of arson because the jury might well have inferred that "one who has sinned before has sinned again, and is guilty of the crime charged" *(People v Carmack,* 52 AD2d 264, 266, affd 44 NY2d 706; see *People v Smith,* 60 AD2d 963; *People v Batchelor,* 57 AD2d 1059; see, also, *People v Dickman,* 42 NY2d 294). Moreover, the court's ruling cannot be considered harmless error *(People v Crimmins,* 36 NY2d 230) because the defendant was "the only available source of material testimony in support of his defense" *(People v Sandoval, supra,* p 378) and the ruling "effectively foreclosed defendant from testifying at the trial without running the risk of prejudicing himself before the jury." *(People v Batchelor, supra,* p 1061.) Finally, the People's argument that the prior acts of arson would be admissible under *People v Calvano* (30 NY2d 199) as evidence rebutting defendant's contention that the confession was coerced is without merit. *Calvano* applies to evidence of prior acts introduced to rebut the affirmative defenses of duress and entrapment (defenses raised to the crime charged). The rule does not apply where it is claimed that the confession was coerced. (Appeal from judgment of Monroe County Court—arson, fourth degree.) Present—Marsh, P. J., Moule, Cardamone, Hancock, Jr., and Witmer, JJ.