THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WILLIAMS, Appellant.

First Department, April 12, 1979

## APPEARANCES OF COUNSEL

*Robert S. Dean* of counsel *(William E. Hellerstein,* attorney), for appellant.

*Meredith Anne Feinman* of counsel *(Jerrold L. Neugarten*

with her on the brief; *Robert M. Morgenthau, District Attorney),* for respondent.

## OPINION OF THE COURT

Lupiano, J.

At the relevant times herein, the police had defendant under continuous surveillance. They observed him engaged with one Harrison in a repetitive pattern of conduct involving numerous transfers of cash for glassine envelopes. Each transaction followed a pattern in which the buyers would speak to defendant and hand him money. Defendant would then say something to Harrison, who would reach behind the door of 106 West 137th Street, pick up a brown bag, remove a glassine envelope and give it to the buyer. This activity commenced when the officer saw defendant and Harrison station themselves in front of 106 West 137th Street with defendant standing on the sidewalk and Harrison standing on the first step of the stairs leading up to the front door of the building. In the last sale transaction, the officer observed one Ernest Moore give money to defendant in return for which Moore received a glassine envelope containing a white substance from Harrison. Defendant then produced a bundle of money from which he removed several singles and handed them to Harrison, who in turn gave them to Moore. Moore put the glassine envelope into his left rear pocket and was kept under continuous observation until his arrest by the police back-up unit shortly thereafter. At that time they removed a gold taped glassine envelope from Moore's left rear pocket. Almost immediately after arresting Moore, the back-up unit arrested the defendant and Harrison and removed the brown paper bag behind the doorway. Inside the bag were 68 glassine envelopes with the same gold tape as on the envelope recovered from Moore. Subsequent chemical analysis indicated the existence of heroin in the envelope found on Moore and in each of the 68 envelopes recovered from defendant and his cohort Harrison at the time of their arrest.

Defendant on appeal contends that the absence of limiting instructions with respect to the observed sale transactions that occurred prior to the one to Moore, created a situation whereby it was unclear whether defendant was convicted by the jury of the sale to Moore as charged in the indictment or the prior uncharged sales. It is well settled that proof of uncharged crimes may be admitted when the "prior activity is

directly probative of the crime charged" as where it tends to show defendant acting in concert *(People v Jackson,* 39 NY2d 64, 68). It appears that defendant's trial counsel realized the propriety of applying the *Jackson* rationale to the circumstances herein, not only by stating that it supported the admissibility of the photographs taken by the police during their surveillance of defendant and Harrison, but also by his failure to raise any objections to the officers' testimony regarding the prior transactions.

As in *Jackson,* the testimony here tended to establish the defendant's and his cohort's *modus operandi* and thus is relevant in connecting each with the other as well as being probative of the manner in which the specific sale charged was consummated (see *People v Jones,* 62 AD2d 356, 358).

Clearly on this record it may not be seriously argued that the jury was not aware that the only sale with which defendant was charged was the one to Ernest Moore. In stark contrast to the minimal and generalized testimony concerning the prior transaction, stands the detailed and extensive testimony of the four police witnesses respecting the sale to, apprehension and arrest of Moore. Also, statements by the prosecution, the court and defense counsel focused the jury's attention on the charged sale as being the one to Moore.

As to the possession counts, they are supported (aside from the issue of inclusory counts) not only by the envelope seized from Moore, but also by the 68 envelopes of heroin seized from defendant at the time of his arrest. Possession of these envelopes stands apart from the completed sale transaction involving Moore. Commendably the People admit that the count charging possession of a controlled substance in the seventh degree is a lesser included offense of possession of a controlled substance in the third degree and should be dismissed. However, it is also clear that criminal possession of a controlled substance in the fifth degree is not a necessarily inclusive count of possession in the third degree because it was further necessary for the People to prove defendant's unlawful possession of a controlled substance weighing one-eighth ounce or more.

Finally, the People also with candor agree that the sentencing court in failing to pronounce sentence on each count on which defendant was convicted erred.

Accordingly, the judgment of the Supreme Court, New York County (MYERS, J., at suppression hearing; MARTIN EVANS, J.,

at trial and sentence), rendered June 17, 1976, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39), criminal possession of a controlled substance in the third degree (Penal Law, § 220.16), criminal possession of a controlled substance in the fifth degree (Penal Law, § 220.09), and criminal possession of a controlled substance in the seventh degree (Penal Law, former § 220.03), and imposing an undifferentiated sentence of four years to life imprisonment, should be modified, on the law, to the extent of reversing the conviction of criminal possession of a controlled substance in the seventh degree and dismissing said count of the indictment, vacating the sentence and remanding the matter for resentencing, and as so modified, should be affirmed.

MURPHY, P. J. (dissenting in part). I disagree with that portion of the majority opinion as affirms the defendant's conviction of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39).

To the extent here relevant, CPL 300.10 (subd 2) provides: "The court must also state the material legal principles applicable to the particular case, and, so far as practicable, explain the application of the law to the facts, but it need not marshal or refer to the evidence to any greater extent than is necessary for such explanation."

I would agree with the majority that, under *People v Jackson* (39 NY2d 64, 68), the trial court correctly received evidence as to the uncharged crimes for the limited purpose of establishing that Williams and Harrison were acting in concert. However, in contravention of the mandatory provisions of CPL 300.10 (subd 2) the trial court never instructed the jury that (1) the defendant could only be convicted for his participation in the sale to Moore, and (2) the evidence presented in relation to the uncharged crimes should be considered for the limited purpose of determining whether Williams and Harrison acted in concert. Instead, the trial court gave a highly ambiguous and misleading charge as is exemplified in the following excerpts:

"THE COURT: Now, Members of the Jury, at this time as you know I will instruct you on the law to be applied to the case. And, then you will go into the jury room and go over the evidence and decide what happened on December 7th, 1974 * * *

"It is your function and a most important one, it is to the People of the State of New York and to the defendants to make your determination as to this guilt or innocence with respect to December 7, 1974, based upon the rules which I'm instructing you on * * *

"Now, in this case there is a claim made by the Prosecution that on December 7, the defendants Anthony Harrison and Steven Williams were seen in an act, in several acts, that one would take money, one would go behind the door, one would go and pick up the bag, take something out of it and pass it along".

From the foregoing excerpts, the jury may have erroneously concluded that the defendant could be convicted of the sale count on the evidence adduced with reference to the uncharged crimes (cf. *People v Andujar*, 61 AD2d 755; cf. *People v Batchelor*, 57 AD2d 1059). While defense counsel failed to request limiting instructions with regard to the probative value of the evidence bearing upon the uncharged crimes, this court may and should reverse, in the interest of justice, to afford the defendant a fair trial on this count (CPL 470.15, subd 6, par [a]; *People v Peller*, 291 NY 438, 448; cf. *People v Range*, 49 AD2d 832). The right to a fair trial is self-standing and proof of guilt, however overwhelming, can never be permitted to negate that right *(People v Crimmins*, 36 NY2d 230, 238).

Passing references were made to the charged sale in the prosecutor's opening statement, defense counsel's closing statement and the charge. So too, during the course of the trial, greater emphasis may very well have been given to the evidence relating to the sale to Moore rather than to the 10 or 15 prior sales. Nonetheless, the overriding fact remains that the charge was fatally deficient on the sale count *(People v Newman*, 46 NY2d 126).

Accordingly, the judgment of conviction should be further modified, on the law and as a matter of discretion in the interest of justice, by reversing so much thereof as convicted the defendant of criminal sale of a controlled substance in the third degree and by ordering a new trial on that first count. As so modified, the judgment of conviction should otherwise be affirmed.

KUPFERMAN, SULLIVAN and LANE, JJ., concur with LUPIANO, J.; MURPHY, P. J., dissents in part in an opinion.

Judgment, Supreme Court, New York County, rendered on June 17, 1976, modified, on the law, to the extent of reversing the conviction of criminal possession of a controlled substance in the seventh degree and dismissing said count of the indictment, vacating the sentence and remanding the matter for resentencing and, as so modified, affirmed.