■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RUSSELL BEAUVAIS, Respondent. — Appeal from an order of the County Court of Cortland County (Mullen, J.), entered December 1, 1982, which granted defendant's motion to dismiss the indictment. On October 15, 1981, defendant was charged in the local court of the Town of Cuyler, Cortland County, by an environmental conservation officer with violating ECL 11-0931 (subd 2) (possession of a loaded firearm) and ECL 11-0901 (subd 4, par b, cl [2]) (hunting deer with an artificial light). The charges were adjourned for approximately one month, at which time the conservation officer proposed a civil compromise with a penalty at $500. Defendant accepted, but since he did not have the $500, defendant requested a continuance to raise the money. After paying $200, defendant was given another extension to pay the balance. When defendant failed to do so, the Cuyler Town Justice refused to approve the compromise and the defense attorney moved to have the misdemeanor charges prosecuted by indictment.

On the return date, the District Attorney permitted the regional attorney for the Department of Environmental Conservation to present the case to the Cortland County Grand Jury, which returned a two-count indictment. On August 17, 1982, defendant moved to dismiss the indictment because the regional attorney was not a proper party to present the case and appear before the Grand Jury. Although defendant was aware of these events and did not object thereto, County Court dismissed the indictment on the ground that such presentation by a regional attorney for the Department of Environmental Conservation rendered the indictment invalid. County Court also exercised its discretion and authorized the District Attorney to resubmit the charges to a new Grand Jury (see CPL 210.20, subd 4; *People v Di Falco,* 44 NY2d 482). We agree with the action taken by County Court. A regional attorney for the Department of Environmental Conservation is not a proper party to present a case to the Grand Jury. Without the approval or authorization of the county legislature, any attempt by the District Attorney to appoint such officer as one of his assistants *pro hac vice* was improper. Since the authority to submit cases to the Grand Jury is vested exclusively in the District Attorney and his duly appointed assistants, the presence of an unauthorized person before the Grand Jury creates the possibility of prejudice and impairs the integrity of the proceedings requiring the indictment to be dismissed (*People v Di Falco, supra*). Order affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.