*99 OPINION OF THE COURT
Hancock, Jr., J.
Defendants were tried jointly before a jury and convicted of drug-related crimes. The common question in their appeals is whether the convictions should be set aside as invalid because the Assistant District Attorney who handled the prosecution — both in presenting evidence to the Grand Jury which returned the indictments and later in conducting the actual trial — was not licensed as an attorney. They advance two arguments: (1) that the appearance before the Grand Jury of the nonlawyer Assistant District Attorney *100 constituted the presence of an unauthorized person before the Grand Jury in violation of CPL 190.25 (3) requiring dismissal of the indictments as defective pursuant to CPL 210.20 (1) (c) and 210.35 (5); and (2) that, in any event, their prosecution by a person not duly admitted to practice as an attorney deprived them of a fair trial in contravention of their right to due process under the Federal and State Constitutions (US Const 14th Amend; NY Const, art I, §6). For reasons to be explained, we are not persuaded by either contention. Defendant Witherspoon also argues that the trial court committed a prejudicial error in admitting proof of uncharged crimes in violation of the rule of People v Molineux (168 NY 264, 291-294). Because we find no basis for reversal in this or other points raised by defendant Witherspoon, the convictions in each case should be affirmed.
I
The particular drug transaction out of which defendants’ convictions arose involved a sale of narcotics in Manhattan on January 28, 1987 to one Charles Humphrey. The main witness for the prosecution was Police Officer Higgins who, using high-powered binoculars, observed the sale which took place on the sidewalk at the southeast corner of West 123rd Street and Seventh Avenue. Higgins testified that he saw Charles Humphrey approach and talk to defendant Carter. Carter, he testified, took a small pink envelope from his pocket and handed it to Humphrey who, after apparently smelling the envelope, gave money to Carter. Humphrey put the envelope inside his coat and walked away. Carter then handed the money to defendant Witherspoon who had been standing about 10 feet away during the transaction. Higgins radioed the description of Humphrey and his location to Officer Hayes of the backup unit. Hayes arrested Humphrey at 124th Street and recovered the pink envelope from inside his jacket. In the envelope was vegetable matter which, chemical analysis later revealed, contained phencyclidine.
When Hayes returned to his backup post, Higgins resumed his surveillance of defendants. During the ensuing two hours, Higgins saw Carter and Witherspoon engage in what appeared to be transactions similar to the one involving Humphrey. Three to five people approached Carter, talked with him and gave him money in exchange for pink envelopes. On each occasion Carter gave the money he received to Witherspoon. *101 After defendants’ arrest, Officer Higgins identified them as the two men whom he had observed trading the envelopes for money.
Prior to the opening of trial the People had applied for an advance ruling on the admissibility of Higgins’ testimony concerning defendants’ dealings with other persons subsequent to the Humphrey sale. Over defendants’ objection, the court determined that evidence of what amounted to "a continued course of conduct paralleling” the Humphrey sale was admissible "to establish that defendants were acting in concert”. The evidence was accordingly admitted at trial.
The jury found both defendants guilty of criminal sale of a controlled substance in the fifth degree and, in addition, convicted defendant Witherspoon of criminal possession of a controlled substance, seventh degree.[1] During the pendency of defendants’ appeals to the Appellate Division and prior to argument, defense counsel learned of the unlicensed status of Daniel J. Penofsky, the Assistant District Attorney who presented the case to the Grand Jury and later represented the People as prosecutor in the trial. Penofsky, it appears, had never been admitted to the Bar although he had been prosecuting cases for 16 years. He was, however, a law school graduate.
Penofsky served as an Assistant District Attorney in Kings County for three years before becoming an Assistant District Attorney under the Special Narcotics Prosecutor, a position which he had held for 12 to 13 years. It was in this role as an assistant for the Special Narcotics Prosecutor, Sterling Johnson, that Penofsky handled the prosecution against defendants.
Although Penofsky’s lack of admission to practice was not addressed in defendants’ Appellate Division briefs, defense counsel raised the issue during oral argument and advised the Appellate Division that the identical question had been fully briefed in two other appeals involving Penofsky prosecutions scheduled to be argued in that court a few days later (People v Munoz and People v Sanchez-Medina). In its unanimous affirmance in the instant appeals, the Appellate Division did not address the Penofsky issue. In an opinion released approximately five weeks later (People v Munoz, 153 AD2d 281), *102 however, the Appellate Division rejected the same arguments which defendants assert here. Distinguishing the situation where the prosecuting authority has no jurisdiction over the subject matter (see, People v Di Falco, 44 NY2d 482), the Munoz court noted that the Grand Jury presentation was by a duly appointed Assistant District Attorney representing a prosecutor’s office which did have jurisdiction and that this "authority [was] extended to Assistant District Attorneys as appointees” (153 AD2d 281, 283). Although the court decried Penofsky’s flagrant conduct as amounting to a fraud on the appointing authority, it held that the fact that defendants had been prosecuted by a nonlawyer did not, without more, require a reversal. It observed that there "is currently no rule in New York to the effect that prosecution by an unadmitted lawyer entitles a defendant to an automatic reversal.” (Id., at 284.) For reasons which will be explained, we agree with these conclusions of the Appellate Division in Munoz and Sanchez-Medina and hold that Penofsky’s unadmitted status does not require a reversal in the instant appeals.
In its unanimous decision affirming the convictions before us, the Appellate Division addressed only issues unrelated to Penofsky. It rejected defendants’ Molineux argument and held that Higgins’ testimony concerning the subsequent exchanges was properly admitted on the issue of concerted action as well as on the question of defendants’ identity. The court observed that "at trial the element of acting in concert was hotly disputed.” (People v Witherspoon, 156 AD2d 306, 307.) Moreover, it pointed out, identity was in issue as well since defendants "were not arrested until two hours after the charged sale.” (Id., at 308.) The court concluded that under "these circumstances, Officer Higgins’ testimony was also admissible to establish that both defendants were under surveillance for the entire period after the sale and before the arrest.” (Id., at 308.)
II
Defendants’ primary argument is that because Penofsky was not a lawyer he could not properly serve as an Assistant District Attorney and, therefore, his presence before the Grand Jury was not authorized under CPL 190.25 (3) (a).[2] It *103 follows, defendants maintain, that because an unauthorized person was present in the Grand Jury room the proceedings were defective (see, CPL 210.35 [5]) and the indictments should have been dismissed (see, CPL 210.20 [1] [c]). Defendants refer essentially to three cases in support of their position: People v Di Falco (44 NY2d 482, supra), People v Dunbar (53 NY2d 868) and People v Beauvais (98 AD2d 897). Their reliance on these cases is misplaced.
In People v Di Falco (supra), in holding that the Special Prosecutor was unauthorized to appear before the Grand Jury, we specifically noted that the prosecutor had "concede[d] that he lacked jurisdiction to prosecute the matter” (44 NY2d, at 485).* *[3] We held simply that "where a prosecutor lacks the requisite authority he is not a proper person before the Grand Jury and those proceedings conducted by him before the Grand Jury are defective.” (Id., at 486.)
The converse of the Di Falco situation was presented in People v Dunbar (supra), where defendants claimed that a nonresident Special Assistant District Attorney’s presence before the Grand Jury was unauthorized because no waiver of the residency requirement had been obtained in compliance with the Nassau County Administrative Code. Unlike Di Falco, there was no lack of the underlying prosecutorial jurisdiction and for that very reason the Court held that the indictment was not defective under CPL 210.35 (5). We stated: "[i]t is true that presentation to a Grand Jury by one who has no jurisdiction over the subject matter so impairs the integrity of the Grand Jury as to require dismissal of the indictment (People v Di Falco, 44 NY2d 482). But there is no such lack of authority here. Whatever the other effects of a failure to comply with the waiver of nonresidence requirement, that omission does not affect the authority or power of an appointee to serve as Special Assistant District Attorney following appointment by the District Attorney and the taking of the oath of office.” (53 NY2d, at 871.)
*104 The reasoning of Di Falco and Dunbar supports the decision in People v Beauvais (supra). There, the purported prosecuting agency — the office of the Regional Attorney for the Department of Environmental Conservation — was without any authority to represent the People before a Cortland County Grand Jury and, as in Di Falco, the necessary jurisdiction to prosecute was lacking. The attempt to vouch in the DEC attorney as an Assistant District Attorney pro hac vice for the purpose of making the presentation was of no effect and his appearance before the Grand Jury was, therefore, unauthorized (CPL 190.25 [3]). The indictment, accordingly, was properly dismissed.
Here, there was no lack of jurisdiction to proceed with the prosecution. Indeed, defendants make no challenge on this ground. The Special Narcotics Prosecutor and the Assistant District Attorneys assigned to his office were specifically authorized to appear before Special Narcotics Grand Juries such as the one which indicted defendants (see, Judiciary Law §§ 177-b — 177-d). Nor do defendants question that Penofsky was appointed Assistant District Attorney by the District Attorney of Kings County on February 26, 1973, that he duly executed the oath of office and that, thereafter, on August 27, 1976 he was regularly assigned as an Assistant District Attorney to the office of the Special Narcotics Prosecutor. Under CPL 1.20 (31), (32) the term "district attorney” includes any "assistant district attorney”. Thus, Penofsky, as one holding the office of Assistant District Attorney, was by express statutory provision a person entitled to be in the Grand Jury room while evidence was being presented (see, CPL 190.25 [3] [a]).
Defendants argue, nevertheless, that Penofsky’s lack of admission to the Bar vitiated the authority to be present before the Grand Jury granted to him by virtue of his appointment as Assistant District Attorney. Thus, they maintain that, irrespective of the Special Narcotics Prosecutor’s jurisdiction in the matter, Penofsky’s presence in the Grand Jury room was that of an unauthorized person and the proceedings were, therefore, defective. We disagree.
Defendants contend that, unlike the absence of the waiver of nonresidency in Dunbar, Penofsky’s unlicensed status was not a technical defect but a "serious, substantial defect”. They point out that under Judiciary Law §§478 and 484 any practice of law by Penofsky — including presenting evidence before the Grand Jury — was unlawful. And they cite recent *105 decisions where criminal convictions have been vacated due to the "serious and substantive” defect caused by defense counsel’s fraudulent admission to legal practice (see, United States v Novak, 903 F2d 883, 889-890 [2d Cir 1990]; People v Chin Min Foo, 144 Misc 2d 589).
But the argument misses the point. Whatever may be said about Penofsky’s conduct, the fact remains that his unlicensed status did not, without more, undermine the underlying prosecutorial jurisdiction possessed by the Special Narcotics Prosecutor or affect his permission to be present before the Grand Jury as an Assistant District Attorney (see, CPL 1.20 [31], [32]; 190.25 [3] [a]). In holding that the Assistant District Attorney’s nonlawyer status did not result in a loss of jurisdiction so as to require a dismissal under CPL 210.35 (5) (see, People v Dunbar, 53 NY2d 868, supra; People v Di Falco, 44 NY2d 482, supra), we note that the purpose of the provision upon which defendant relies (CPL 190.25 [3] [a]) is to ensure the secrecy of the Grand Jury proceedings (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 190.25, at 215-216). The question of whether a duly sworn Assistant District Attorney has been admitted to the Bar has no bearing on whether his presence compromises the secrecy of the proceedings. Moreover, neither the Constitution nor any statute requires that a District Attorney or an Assistant District Attorney be an admitted lawyer (see, NY Const, art XIII, § 13; art IX, § 1; County Law §§ 702, 930). Our conclusion as to the effect of Penofsky’s presence as Assistant District Attorney in these circumstances does not, of course, suggest that "apparently anyone can present the People’s case to the Grand Jury” (dissenting opn, at 108 [emphasis in original]). Cases such as People v Felder (47 NY2d 287), United States v Novak (supra) and People v Chin Min Foo (supra), do not help defendants inasmuch as they turn on a criminal defendant’s Sixth Amendment right to be represented by counsel at a critical stage of the proceedings, an issue obviously not involved here.
Defendants make additional arguments concerning the detrimental effect of Penofsky’s conduct in appearing before the Grand Jury, pointing out that "it is universally regarded as a given” that "the District Attorney and Assistant District Attorneys be admitted to the Bar” (brief of appellant Carter, at 39). But these arguments are similarly unavailing. Concededly, the Special Narcotics Prosecutor had jurisdiction in the matter (see, People v Di Falco, supra, at 485-486) and Penofsky was present before the Grand Jury in his capacity as a *106 regularly appointed Assistant District Attorney serving under the Special Narcotics Prosecutor. The sole question is whether the fact that Penofsky was not a lawyer, without more, negated the authority that his appointment as Assistant District Attorney conferred on him to be present in the Grand Jury room (see, CPL 1.20 [31], [32]; 190.25 [3] [a]) so as to affect the prosecutorial jurisdiction. We conclude that it did not.
III
In their second challenge to the convictions, defendants contend that their prosecution by someone other than an attorney constituted a violation of their rights to due process of law under the Federal and State Constitutions (US Const 14th Amend; NY Const, art I, § 6). They point to no aspect of the case where Penofsky’s not being a lawyer assertedly deprived them of a fair trial or resulted in prejudice. Instead, they argue that a defendant’s right to be prosecuted for a felony by a lawyer is fundamental — a right that has an historical basis and is protected by the Due Process Clauses in our Federal and State Constitutions. Because the right is fundamental, it is argued, it does not matter that they identify no specific prejudice.
No one disputes that defendants should have been prosecuted for these felonies by an Assistant District Attorney who was duly admitted to practice (see, e.g., ABA Standards for Criminal Justice, Prosecution Function, Standards 3-2.1, 3-2.3). Indeed, it was assumed by all concerned that Penofsky was admitted. But whether defendants should have been prosecuted by a licensed attorney is not determinative. The question is whether the fact of defendants’ prosecution by a nonlawyer, standing alone, has deprived them of protections guaranteed by the Federal and State Constitutions.
Defendants cite no authority for the proposition that a defendant has a due process right to be prosecuted by a duly admitted attorney. We know of none. They quote language from cases such as Young v United States ex rel. Vuitton & Fils (481 US 787, 807) and People v Zimmer (51 NY2d 390, 394) to demonstrate the undeniably broad discretion vested in public prosecutors and the extent of their control "over individuals’ liberty and reputation” (People v Zimmer, supra, at 394). But neither Young nor Zimmer involved prosecutions by nonattorneys. Rather, the cases concerned prosecution by attorneys who had some financial or other personal interest in *107 the outcome of the proceedings. And, as noted, cases such as People v Felder (supra) and United States v Novak (supra), are not helpful since they deal with the Sixth Amendment right of a defendant to be represented by a lawyer — not prosecuted by a lawyer.[4]
In sum, while we agree with the Appellate Division in Munoz that "the egregious nature of Penofsky’s conduct” (153 AD2d, at 285) cannot be minimized, we accept that court’s conclusion that, in the absence of prejudice, the fact that Penofsky was not a lawyer did not result in a deprivation of defendants’ constitutional due process rights (US Const 14th Amend; NY Const, art I, § 6).
IV
Finally, we conclude that the trial court properly exercised its discretion in permitting Higgins’ testimony concerning defendants’ conduct in exchanging pink envelopes with other persons for money after the Humphrey transaction. We agree with the Appellate Division that this proof was admissible on the issues of "acting in concert” and identity, both of which were disputed. As we have noted, "[w]hile 'acting in concert’ is not one of the five Molineux exceptions, it has been said that those categories are merely illustrative, not exclusive (People v Calvano, 30 NY2d 199, 205-206; Richardson, Evidence [Prince — 10th ed], § 170, p 140).” (People v Jackson, 39 NY2d 64, 68; see, People v Alvino, 71 NY2d 233, 241-243.)
We have examined the other arguments advanced by defendant Witherspoon and conclude that they present questions which, if not beyond our power of review or unpreserved for review, provide no basis for reversal.
Accordingly, in each case, the order of the Appellate Division should be affirmed.

. At the time of his arrest Witherspoon was found to be in possession of a plastic envelope and a cigarette both of which contained phencyclidine. He, alone, was charged with criminal possession of a controlled substance.

. CPL 190.25 (3) (a) states:
"During the deliberations and voting of a grand jury, only the grand *103 jurors may be present in the grand jury room. During its other proceedings, the following persons, in addition to witnesses, may, as the occasion requires, also be present:
"(a) The district attorney”.

. The prosecutor had exceeded his grant of authority (Executive Order No. 55 [9 NYCRR 1.55]) which was "limited to those cases dealing with corruption relating strictly to the criminal justice process and [did] not embrace the judicial system in general or the civil justice system in particular” (44 NY2d, at 485-486).

. The parties cite numerous cases dealing with the circumstances under which a defendant may properly be prosecuted by a nonlawyer or by someone other than a District Attorney for certain minor offenses (e.g., People v Van Sickle, 13 NY2d 61; People v Czajka, 11 NY2d 253; People v Vial, 132 Misc 2d 5; People v Birnberg, 112 Misc 2d 870; People v Vlasto, 78 Misc 2d 419). These cases, however, are not germane to defendants’ contention that they have a fundamental, constitutional right to be prosecuted by a duly admitted attorney.