■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERDINAND DIAZ, Appellant.—Judgment, Supreme Court, New York County (James Leff, J.), rendered May 31, 1989, convicting defendant of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, and sentencing him to three concurrent, indeterminate terms of imprisonment of five to ten years, unanimously affirmed.

After defendant was arrested for selling one vial of crack, an additional sixty-seven vials were recovered in the paper bag that defendant had dropped, along with $740 from his person. The officer who had kept defendant under surveillance for several minutes testified that defendant had made two other exchanges minutes before the transaction that led to the seizure of defendant and his final customer.

Defendant argues on appeal that the evidence of the testimony regarding prior, uncharged sales, and the recovery of the cash should not have been admitted. Neither argument is preserved for review as a matter of law, nor is reversal warranted in the interest of justice. The evidence was probative of defendant's intent *(People v Alvino,* 71 NY2d 233; *People v Marin,* 157 AD2d 521, *lv denied* 75 NY2d 968; *People v Bell,* 160 AD2d 477, *lv denied* 76 NY2d 784). Defendant's related argument that trial court failed to give appropriate limiting instructions regarding the challenged evidence is likewise unpreserved, and without merit. *(People v Williams,* 50 NY2d 996, 998, *affg* 67 AD2d 265, 268.)* Nor was counsel ineffective for failing to object to admission of the testimony.

Defendant contends that he should have been afforded a hearing on whether a 1982 predicate felony conviction was coerced pursuant to CPL 400.21. Defendant's plea of guilty on that conviction covered both indicted and unindicted matters,

the latter comprised of, ostensibly, five robberies on certain dates read into the plea minutes, for which line-ups had been conducted. According to defendant, he had been induced to plead guilty on the prosecutor's false, off-the-record statement that defendant had been identified at one of the line-ups. In order for defendant to raise a claim that he was induced by representations not contained in the record, it was necessary for him to have informed the plea court of the additional terms at the time of the plea *(Matter of Benjamin S.,* 55 NY2d 116). Moreover, defendant's moving papers failed to establish that the persons who had failed to identify him were those persons who had been robbed on the five dates that the prosecutor listed in the plea negotiations as the open cases.

Defendant's claim that the *Rosario* violations occurred because he did not receive a laboratory report is unpreserved. We note that while the record shows that the report was not available at the start of the trial, nevertheless the defendant raised no *Rosario* claim when the chemist testified. Accordingly, defendant has not met his obligation to present a sufficient record for us to review *(People v Olivo,* 52 NY2d 309). Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.