■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DIAZ, Appellant. [599 NYS2d 283] —Judgment, Supreme Court, New York County (Michael A. Corriero, J.), rendered May 20, 1991, convicting defendant, after a jury trial, of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to two concurrent indeterminate prison terms of four and one-half to nine years, unanimously affirmed.

Defendant's conviction arose out of his participation in multiple drug sales.

We reject defendant's contention that he is entitled to a new trial, upon the basis of the People's late delivery to him, during trial, of the grand jury testimony of a witness for the People, since we find that the late delivery of this *Rosario* material is harmless, in view of the fact that defendant has not shown substantial prejudice *(People v Witherspoon,* 156 AD2d 306, 308, *affd* 77 NY2d 95, *cert denied sub nom. Carter v New York,* 499 US 967).

In the absence of substantial prejudice and in light of the court's ruling that allowed counsel further cross-examination, the apparent late disclosure of *Rosario* material does not require a reversal *(People v Martinez,* 71 NY2d 937, 940), and the unobjected testimony by the officers concerning the description that was transmitted was not error *(People v Candelario,* 156 AD2d 191, *lv denied* 75 NY2d 964). Defendant's remaining arguments are unpreserved or without merit. Concur—Wallach, J. P., Kupferman, Ross and Kassal, JJ.