(October 6, 1995)

■ In the Matter of JAMES T. CURRY, Respondent, v MORRISON J. HOSLEY, JR., Appellant, and BOARD OF ELECTIONS OF THE COUNTY OF HAMILTON, Respondent. [632 NYS2d 230] —Per Curiam. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered September 26, 1995 in Hamilton County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to prohibit respondent Hamilton County Board of Elections from placing the name of respondent Morrison J. Hosley, Jr. on the ballot as a candidate for the office of Hamilton County District Attorney at the November 7, 1995 general election.

Petitioner, the Hamilton County District Attorney and the Republican Party candidate for reelection to that position, commenced this proceeding to remove his adversary, respondent Morrison J. Hosley, Jr., from the ballot on the basis that Hosley is not an attorney admitted to practice law in New York. Hosley appeals Supreme Court's judgment granting the petition. We reverse.

The Court of Appeals has recently stated that "neither the Constitution nor any statute requires that a District Attorney * * * be an admitted lawyer (see, NY Const, art XIII, § 13; art IX, § 1; County Law §§ 702, 930)" (People v Carter, 77 NY2d 95, 105, cert denied 499 US 967; but see, Matter of Sposato, 180 Misc 933; Matter of Sposato, 180 Misc 940). This issue is not new to the office of Hamilton County District Attorney. As petitioner candidly acknowledges, the position of Hamilton County District Attorney was held by nonattorneys from the County's creation in the 1830s until 1967, excepting the years of 1942, 1943 and 1944. The Laws of 1911 (ch 665) was enacted to permit the Hamilton County District Attorney to appoint attorneys from adjoining counties as assistants in recognition of the small number of attorneys who reside in Hamilton County.

In a 1963 challenge similar to the instant proceeding, Edwin Galusha, who was not an attorney, was permitted to remain on the ballot (Matter of Drake v McAfee, 13 NY2d 878, affg without opn sub nom. Matter of Drake v Hamilton County Bd. of Elections, 19 AD2d 784, affg without opn Sup Ct, Hamilton County, Aug. 17, 1963, Sweeney, J.). Similarly, the Attorney-General has opined that a layperson is eligible to serve as Hamilton County District Attorney (see, 1936 Opns Atty Gen 184). Accordingly, we find no basis to depart from the Court of Appeals' ruling in Matter of Drake v McAfee (supra) and reverse the judgment of Supreme Court.

Mikoll, J. P., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.