■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKEEM JORDAN, Appellant. [916 NYS2d 593]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered October 16, 2009, as amended October 27, 2009, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him to an aggregate term of six years, unanimously affirmed.

The court properly admitted, with suitable limiting instructions, uncharged crimes evidence that was highly probative without being unduly prejudicial. In this observation sale case,

identity was a critical issue, particularly because there was a significant gap between the transaction and the arrest.

The court permitted the observing and arresting officers to give sanitized testimony about unspecified "interactions" between themselves and defendant, including one in which defendant fled. The observing officer also testified about similarly unspecified interactions between defendant and two other persons before the charged sale, along with an actual sale to an additional customer at virtually the same moment as the charged sale. Even assuming that the jury might have assumed that all of these incidents involved criminality, they were nevertheless admissible (see e.g. People v Carter, 77 NY2d 95, 107 [1990], cert denied 499 US 967 [1991]; People v Julius, 300 AD2d 167, 168 [2002], lv denied 99 NY2d 655 [2003]; People v Matthews, 276 AD2d 385 [2000], lv denied 96 NY2d 736 [2001]). This evidence tended to show that the observing officer made a reliable identification, both because he knew defendant from a prior encounter, and because he had ample opportunity to observe him on the night of the charged sale. The evidence also showed that the arresting officer, who lost sight of defendant for a short period, arrested the right man because he knew defendant from previous encounters. The evidence of prior flight explained why the arresting officer did not stop defendant at the scene of the sale, but waited until he could trap defendant at another location.

Defendant's constitutional claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Manzanet-Daniels, JJ.