784

## (August 14, 1963)

In the Matter of WILLIAM J. CRONIN, Appellant, v. TEMPORARY NEW YORK STATE COMMISSION OF INVESTIGATION, Respondent.— Motion by petitioner-appellant for leave to appeal to the Court of Appeals. Although it may seem that a constitutional question is the sole point involved in this proceeding and that an appeal to the Court of Appeals lies as a matter of right, the procedural problem presented on such an appeal is not free from doubt and sound practice seems to warrant an application for permission to appeal. "The precaution of a motion for leave to appeal, made simultaneously, is generally wise; although, of course, it does not guarantee that the case will reach the Court of Appeals" (Cohen and Karger, Powers of the New York Court of Appeals [rev. ed.], § 54, p. 250). This was procedure followed, for example, in *Matter of Kaney* v. *New York State Civ. Serv. Comm.* (298 N. Y. 707), where the appeal was taken "on asserted constitutional grounds and also by permission of the Court of Appeals". There is some analogy in principle in *Mandell* v. *Robinson* (294 N. Y. 841). Motion granted. Stay continued until appellant shall have had opportunity to apply to the Court of Appeals for a stay. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.

## (August 30, 1963)

In the Matter of PETER P. LEWANDOWSKI, JR., et al., Petitioners, v. CARL H. PICKETT et al., Respondents.— Order modified, on the law, without costs, by reversing so much thereof as holds valid the designating petition of R. J. Kidalowski, Dominick De Angelus, Anthony J. Fusco and John Della Villa and by directing that such designating petition be declared invalid for failure to comply with section 135 of the Election Law (*Matter of Richter* v. *Thaler*, 15 A D 2d 803, affd. 11 N Y 2d 722). Bergan, P. J., Coon, Herlihy and Taylor, JJ., concur.