*472 OPINION OF THE COURT
Per Curiam.
Petitioner (James Curry), the Republican Party candidate, instituted this Election Law § 16-102 proceeding to remove respondent (Morrison Hosley) as a candidate on the November 7, 1995 ballot for the office of Hamilton County District Attorney. The sole issue before us is whether New York law permits Hosley, who is not an attorney, to serve as the District Attorney. We conclude that the legal nature of the important public responsibilities entrusted to the District Attorneys of this State requires that such individuals be lawyers admitted to practice.
Unique historical circumstances have led to this appeal. In counties throughout New York State, the District Attorney is an attorney and indeed the District Attorney of Hamilton County — a rural upstate county with a population of approximately 5,000 — has for the last three decades been an attorney. Petitioner himself (the incumbent) is an attorney. For more than 100 years between the 1830’s and 1960’s, however, the office of District Attorney of Hamilton County was ordinarily held by nonlawyers. Indeed, the last time the Court considered the legal issue presented was in 1963, also in the context of an election appeal challenging a nonattorney candidate for that office (Matter of Drake v McAfee, Sup Ct, Hamilton County, Aug. 17, 1963, affd without opn 19 AD2d 784 [Aug. 30, 1963], affd without opn 13 NY2d 878 [Aug. 30, 1963]).
Notwithstanding this uncommon state of affairs in Hamilton County, it cannot be disputed that "the District Attorney is a constitutional officer chosen by the electors of a county” (Matter of Schumer v Holtzman, 60 NY2d 46, 50). The Constitution speaks of elections not for the office of "county prosecutor” or "government solicitor,” but instead for the office of "district attorney” (NY Const, art XIII, § 13 [a] [emphasis added]). The Constitution further states that "[a]ny district attorney who shall fail * * * to prosecute a person charged with the violation * * * of any provision of this article which may come to his knowledge, shall be removed from office” (NY Const, art XIII, § 13 [b] [emphasis added]). These provisions indicate the use of the word "attorney” in its commonly understood sense (see, Matter of Sposato [Graham], 180 Misc 933, 936; People v Carter, 77 NY2d 95, 108 [Titane, J., dissenting]) — an attorney-at-law and an officer of the court qualified to prosecute and defend legal actions on behalf of clients, *473 bound by rules and principles of professional ethics and subject to internal processes of attorney discipline (see, Judiciary Law § 90; Code of Professional Responsibility EC 3-3). Unlike the many attorneys who represent the interests of private citizens, the District Attorney’s client is the people of the State of New York (see, Matter of Schumer v Holtzman, 60 NY2d 46, 51, supra).
Moving beyond the language of the Constitution, our conclusion that respondent, as a nonlawyer, is not eligible for election to the position of Hamilton County District Attorney is reinforced by the existence of the various statutory provisions delineating the duties of District Attorneys in this State and granting the District Attorney broad "discretion to investigate, initiate, [and] prosecute” crimes (People v Zimmer, 51 NY2d 390, 394). Indeed, by virtue of this discretion, a District Attorney may have "more control over individuals’ liberty and reputation * * * than * * * any other public official” (id.).
County Law § 700 (1) ("District attorney; powers and duties”), for example, states that "[i]t shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected” (see also, County Law § 927 ["General duties of district attorneys”]). Other statutes provide that the District Attorney is the legal advisor to the Grand Jury charged with submitting evidence to it (CPL 190.25 [6]; 190.55 [2]; see also, People v Di Falco, 44 NY2d 482, 487 [noting "breadth and importance of the duties placed upon the District Attorney in Grand Jury proceedings”]) and that applications for eavesdropping or video surveillance warrants must be made by the District Attorney to the court (CPL 700.05 [5]).
In an attempt to avoid the difficulties inherent in a nonlawyer’s performance of these important legal functions, respondent argues that a 1911 statute would authorize him, if elected, to appoint attorneys from neighboring counties and delegate his legal work — including seeking indictments and trying cases — to them (see, L 1911, ch 665). Because the statutory duties of the District Attorney are "fundamental responsibilities” of the office, however, they may not be wholly transferred to others (Matter of Schumer v Holtzman, 60 NY2d 46, 53, supra). Though the elected District Attorneys in this State are certainly entitled to employ other lawyers to serve as assistants under their supervision (see, County Law §§ 702, 825, 930), allowing the nonattorney District Attorney *474 of Hamilton County to carry out his statutory responsibilities by hiring assistants to prosecute crimes on his behalf — without the safeguards inherent in the District Attorney’s exercise of his own professional judgment — would constitute the kind of wholesale transfer of public responsibility we cautioned against in Matter of Schumer.
Such sweeping delegation might even constitute a violation by the District Attorney’s assistant of the ethical guidelines that govern the professional conduct of attorneys. Specifically, County Law § 702 (2) provides that "[t]he assistant [District Attorney] shall perform such duties pertaining to the office as may be directed by the district attorney.” The Code of Professional Responsibility, however, prohibits lawyers from helping nonlawyers in the practice of law (Code of Professional Responsibility DR 3-101 [22 NYCRR 1200.16]),. from forming "partnerships” with nonlawyers (Code of Professional Responsibility DR 3-103 [22 NYCRR 1200.18]), and discourages them from "submitting to the control of others in the exercise of * * * judgment” (Code of Professional Responsibility EC 3-3).*
Respondent’s reliance on People v Carter (77 NY2d 95, supra) is similarly misplaced. In that case, we rejected the argument that the convictions of two criminal defendants were fatally defective because Daniel Penofsky, the Assistant District Attorney who presented their cases to a New York City Grand Jury, had never been admitted to the Bar, though he was a law school graduate with 16 years’ experience. The focus in Carter was whether the fact that the defendants were prosecuted by a nonadmitted prosecutor deprived them of their right to the integrity of the Grand Jury process and to due process of law. On the facts, we held that the convictions were valid. Nevertheless, we explicitly pointed out that "[n]o one disputes that defendants should have been prosecuted for these felonies by an Assistant District Attorney who was duly admitted to practice” (id,., at 106). Additionally, we cited the very American Bar Association Criminal Justice Standard *475 which recommends that "[t]he prosecution function * * * be performed by a * * * lawyer subject to the standards of professional conduct and discipline.” (ABA Standards for Criminal Justice, Prosecution Function, standard 3-2.1 [3d ed 1993].)
Thus, even though we may have stated broadly in Carter that "neither the Constitution nor any statute requires that a District Attorney or an Assistant District Attorney be an admitted lawyer” (77 NY2d, at 105), we did not consider the precise question presented here — namely, whether it is necessary for a prosecutor to have any training as a lawyer at all, or more particularly, whether training as a lawyer and admission to the Bar are necessary criteria for eligibility for the elected office of District Attorney. Now reaching that question, we conclude that they are.
In light of the above, to the extent that our 1963 affirmance without opinion of a trial court decision allowing Edward Galusha, a nonattorney, to run for Hamilton County District Attorney in Matter of Drake can be read to have created a special exception for Hamilton County, that decision is overruled. The possible practical difficulties that might ensue given the few admitted lawyers in Hamilton County cannot override the important legal principle, applicable throughout the State, that the nature of the District Attorney’s duties and responsibilities to the public require the officeholder to be an attorney.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the judgment of Supreme Court reinstated.

 Though surely not binding on courts as a matter of law (see, dissenting opn, at 477), the Code of Professional Responsibility is nevertheless binding on attorneys, guiding them in maintaining professional standards and subjecting them to professional discipline (see, EC 3-3 ["The public interest is best served in legal matters by a regulated profession”]). Thus, in deciding the question posed here — whether the public policy of this State, as expressed in its Constitution and statutes, requires District Attorneys to be able to practice law — the principles embodied in the Code are certainly significant.