24 October 2000 

No. 2--99--0893

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT 

_________________________________________________________________

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit Court

ILLINOIS, ) of Winnebago County. 

)

Plaintiff-Appellant, ) No. 97--CM--4500

) 

v. )

)

ELVIS E. DUNSON,   ) Honorable

) Steven L. Nordquist,

Defendant-Appellee. ) Judge, Presiding.

_________________________________________________________________

JUSTICE RAPP delivered the opinion of the court:

In May 1997 defendant, Elvis E. Dunson, was charged with two counts of disorderly conduct (720 ILCS 5/26--1(a)(1) (West 1996)), a Class C misdemeanor.  A jury trial was held on May 6, 1998, in which the State was represented by Daniel Salafsky, acting in the prosecutorial role of assistant State's Attorney. There is no evidence in the record that Salafsky was involved in initiating the criminal complaint.  It is undisputed that Salafsky was not in fact duly licensed to practice law in the State of Illinois, and it also appears that Salafsky was subsequently convicted of various crimes, including felonies.  Defendant was unrepresented by legal counsel at his trial and defended himself 
pro se
.  Judge Steven L. Nordquist presided at the trial.  Defendant was convicted of the two offenses, and, on June 1, 1998, the trial court sentenced defendant to a term of two years' probation with certain conditions attached, including a remittable jail term of 30 days.  Defendant was also required to undergo counseling and to perform public service.

On April 30, 1999, counsel appeared for defendant and filed a motion to vacate defendant's convictions on the grounds that the prosecution of defendant by a person not licensed to practice law  contravened Illinois law and denied defendant due process of law because the trial was tainted and illegal.  Defendant requested that the convictions be vacated with prejudice.

The State argued that, although Salafsky was not authorized to practice law, defendant had no due process right to be prosecuted by a licensed attorney and that defendant failed to show how he was prejudiced by the claimed violation.

The trial court (Judge Nordquist) took judicial notice of Salafsky's conduct and found that there was a "taint that the defendant's rights were violated."  The court determined that justice would be best served if the convictions were vacated, and the court granted defendant a new trial.

In a memorandum decision and order dated July 27, 1999, the trial court also denied the State's motion to reconsider.  Relying on Illinois law, the court first noted that a person has no privilege or authority to represent other persons in a court of record unless such person is admitted to the practice of law in this state.  See 705 ILCS 205/1 (West 1998).  The court cited the general rule that, where it appears that one not licensed to practice law has instituted legal proceedings on behalf of another in a court of record, such action should be dismissed, and if the action has proceeded to judgment, the judgment is void and will be reversed.  
Leonard v. Walsh
, 73 Ill. App. 2d 45 (1966).  The court also relied on 
People v. Munson
, 319 Ill. 596 (1925), in which our supreme court held that an indictment procured through the participation of an unlicensed person acting as a State's Attorney must be quashed.

In its decision and order, the trial court cited a number of cases holding that a judgment procured by an unlicensed person on behalf of another party is void.  However, the trial court concluded that the strict rule of dismissing the cause with prejudice was too harsh and need not be applied in this case.  The court determined that the better view under the circumstances would be to vacate the judgment and grant a new trial.  See 
Janiczek v. Dover Management Co.
, 134 Ill. App. 3d 543 (1985) (under unique circumstances, strict rule would not be applied to dismiss the cause with prejudice so as to defeat the plaintiff's cause of action where the innocent plaintiff never consciously elected to be represented by an attorney who had been disbarred unbeknownst to the plaintiff; dismissal with prejudice reversed and cause remanded for further proceedings).  We agree with the trial court's decision in this case, and we affirm.  

The State appeals the trial court's decision. We review it pursuant to jurisdiction under Supreme Court Rule 304(b)(3) (155 Ill. 2d R. 304(b)(3)).

On appeal, the State first argues that the trial court did not have jurisdiction to grant relief from a final judgment pursuant to section 2--1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2--1401 (West 1998)).  The State argues, in rather conclusory fashion, that defendant failed to establish a factual and justiciable claim under this provision and that he was not diligent in presenting his request for relief.  We disagree.  The trial court had jurisdiction to grant relief from the void judgment, and defendant presented sufficient and undisputed facts to warrant consideration of his claim.  The State ignores the well-established principle that this is an equitable proceeding and that the trial court has the discretion to grant relief where the judgment should not have been entered under the particular circumstances.  The due diligence prerequisites for obtaining section 2--1401 relief may be relaxed when equity and justice so require.  See, 
e.g.
, 
Smith v. Airoom, Inc.
, 114 Ill. 2d 209, 225 (1986); 
Ostendorf v. International Harvester Co.
, 89 Ill. 2d 273, 285 (1982).

Furthermore, a collateral attack on a void judgment is not subject to the time constraints or due diligence requirements of a section 2--1401 petition; even where the petition is mislabeled,  the courts should be liberal in recognizing a pleading as a collateral attack upon a void judgment.  
People v. Reymar Clinic Pharmacy, Inc.
, 246 Ill. App. 3d 835, 841 (1993).  Here, it is undisputed that Salafsky engaged in the unauthorized practice of law in representing the People of the State of Illinois at the trial, and he thereby deceived the court.  A court has the inherent power to vacate a judgment at any time when it was obtained through a fraud committed upon the court, deception, or collusion.  See 
Hustana v. Hustana
, 22 Ill. App. 2d 59, 64, 67 (1959) (stating that the court has inherent power to expunge void acts from its records).

The State next argues that the trial court erred in vacating the convictions based on its misapprehension of the law and that  defendant was required to show prejudice in claiming a violation of due process of law to have the judgment vacated.  The State asserts that, 
excepting
 
Munson
, the cases relied on by the trial court involved 
civil
 proceedings where the policy of protecting the lay public from unqualified representation was the central issue.  The State further argues that 
Munson
, a criminal case, is inapplicable because no documents appear to have been signed by Daniel Salafsky, and Paul A. Logli, a licensed attorney and the State's Attorney of Winnebago County, was the source of lawful authority for the prosecution and trial of defendant.

In a criminal prosecution, are the People of the State of Illinois less worthy of protection from incompetent legal representation and charlatans than private persons engaged in civil litigation?   We think not.  The State appears to ignore the clear import of 
Munson
 and grossly misapprehends the common law of this State in attempting to minimize the deception practiced upon the court and upon the public.  The criminal prosecution of an accused by the State through a representative who is unauthorized to practice law can be neither ignored nor condoned.  As we will explain, the unlawful participation of Salafsky tainted the original trial so that it must be declared a nullity and the resulting judgment void.

The well-settled rule in Illinois is that, where one not licensed to practice law has instituted legal proceedings on behalf of another in a court of record, such action should be dismissed, and if the action has proceeded to judgment, the judgment is void and will be reversed.  
Janiczek
, 134 Ill. App. 3d at 545.  The rule is applicable not only when corporations are represented by nonattorney agents, but it also applies to natural persons.  
Janiczek
, 134 Ill. App. 3d at 545 (citing cases); 
Leonard
, 73 Ill. App. 2d 45 (action instituted on behalf of individual by a nonattorney agent required vacatur of judgment and dismissal of the suit); 
Marken Real Estate & Management Corp. v. Adams
, 56 Ill. App. 3d 426 (1977) (proceedings were a nullity and judgment was void where complaint was signed by layperson on behalf of corporation).

The prohibition against the unauthorized practice of law does not differentiate between pretrial and trial practice.  
Marken
, 56 Ill. App. 3d 426.  This strict rule preventing a layperson from representing another party operates to void the judgment even where the lay agent merely files the complaint under his or her signature and all subsequent appearances are made by a duly licensed attorney.  
Housing Authority v. Tonsul
, 115 Ill. App. 3d 739, 740 (1983); see 
Fruin v. Northwestern Medical Faculty Foundation, Inc.
, 194 Ill. App. 3d 1061 (1990) (medical malpractice complaint signed by Wisconsin lawyer not licensed in Illinois was not unique circumstance justifying deviation from strict rule).  In 
Tonsul
, the complaint of the plaintiff housing authority
 was prepared, signed, and filed by a nonattorney agent.  These acts amounted to the unauthorized practice of law.  The proceeding was declared a nullity, and the judgment was declared void despite the subsequent appearance in the cause by the plaintiff's attorney.  
Tonsul
, 115 Ill. App. 3d at 740-41.

In 
Berg v. Mid-America Industrial, Inc.
, 293 Ill. App. 3d 731 (1997), the reviewing court held that a count in a complaint filed by a layperson on behalf of a corporation was null and void 
ab initio
.  This rule applied even where all subsequent appearances were made by a duly licensed attorney.  The 
Berg
 court explained that the purpose of the rule is to protect the litigants against the mistakes of those ignorant of the law and the schemes of the unscrupulous and to protect the court itself in the administration of its proceedings from those lacking the requisite legal skills.  
Berg
, 293 Ill. App. 3d at 737; see 
City of Chicago v. Witvoet
, 12 Ill. App. 3d 654, 655-56 (1973) (the law requires that all who represent others in courts of law be attorneys-at-law; a layperson may appear only in his or her own behalf).

Numerous jurisdictions appear to subscribe generally to the nullity or voidness rule or some variation of it.  See, 
e.g.
, 
McKenzie v. Burris
, 255 Ark. 330, 500 S.W.2d 357 (1973) (it is widely held that proceedings in suit instituted or conducted by one not entitled to practice law are a nullity, and if appropriate steps are timely taken, suit may be dismissed, a judgment may be reversed, or steps of the unauthorized practitioner disregarded);  
Russell v. Dopp
, 36 Cal. App. 4th 765, 42 Cal. Rptr. 2d 768 (1995)  (general American rule is that unlicensed person cannot appear in court for another, and the resulting judgment is a nullity; however, client's failure to discover earlier that her attorney was unlicensed was not fatal to her motion for new trial; client did not knowingly participate in fraud; representation by unlicensed person is fraud upon unknowing client and fraud upon the court; strictures against unlicensed practice of law are to protect the public and protection of the litigation process itself; however, reversal does not necessarily follow where it does not protect the integrity of the judicial system or vindicate the interests of the party victimized); 
Turkey Point Property Owners' Ass'n v. Anderson
, 106 Md. App. 710, 666 A.2d 904 (1995) (nonlawyer's filing of petition and representation of association at trial rendered petition as well as trial proceedings a nullity; judgment vacated);  
Gonsior v. Alternative Staffing, Inc.
, 390 N.W.2d 801 (Minn. App. 1986) (under general nullity rule, appeal by one not licensed to represent another would be dismissed where client consciously chose to be represented by nonattorney; under the facts, rule would be applied in future); 
Niklaus v. Abel Construction Co.
, 164 Neb. 842, 83 N.W.2d 904 (1957) (action was brought on behalf of municipality by disbarred lawyer who participated in trial; proceeding was a nullity, and the suit was properly dismissed; although dismissal is a "drastic remedy" and may not be required in all cases, the extent of the unlawful practice required dismissal in this case); 
Alliance Group, Inc. v. Rosenfield
, 115 Ohio App. 3d 380, 685 N.E.2d 570 (1996) (any filing by nonattorney agent of corporation is a nullity and may be stricken; null and void complaint cannot be corrected; defect is corrected by filing new complaint; counterclaim was valid and survived dismissal); see also 7 C.J.S. 
Attorney & Client
 §31 (1980) (stating the general rule that proceedings in a suit by a person not licensed to practice law are a nullity).

The State argues that 
Munson
, a criminal case, is inapplicable because the source of the authority to prosecute derives from the office of the State's Attorney.  The State further argues that defendant has failed to show how he was prejudiced by Salafsky's conduct at trial.  The cases we have reviewed agree generally, and 
Munson
 specifically points out, that participation by a licensed attorney in the proceeding does not cure the unauthorized participation of the unlicensed person in the proceeding.  In 
Munson
, the defendant was indicted by the grand jury and tried for the offense of robbery.  The State's Attorney was not a licensed attorney and appeared in the grand jury proceeding, and other counsel appeared and assisted in the trial of the cause.  The court examined the effect of the participation by the elected but unlicensed State's Attorney in securing the indictment.  The court examined the powers and duties of the State's Attorney regarding the prosecution of cases in courts of record and the statute then in effect regarding the practice of law.  The statute provided that no one shall be permitted to practice as an attorney in this state, or to commence, conduct or defend any action or suit in which he or she is not a party concerned, without having previously obtained a license to practice.  Ill. Rev. Stat. 1925, ch. 13, par. 1; see 705 ILCS 205/1 (West 1998).

After examining the duties and powers of the office of the State's Attorney, which included the filing of informations, signing indictments, presenting cases to the grand jury, appearing in court, and prosecuting cases on behalf of the People, our supreme court determined that admission to the practice of law is inherent in the duties of the office itself.  The court cited the well-established rule that one who is not a lawyer under the laws of this state cannot commence or prosecute suits in its courts of record.  
Munson
, 319 Ill. at 600.  The supreme court stated, "Both logic and the weight of authority require that one who discharges those duties have the qualifications of such an officer."  
Munson
, 319 Ill. at 600.  As an attorney for the People, the State's Attorney must be qualified to represent the client at law.  
Munson
, 319 Ill. at 600-01.  The court determined that the unlicensed State's Attorney, "acting as State's attorney," appeared and participated in the investigation of the grand jury, examined witnesses, prepared indictments, and gave advice incident to the law and this participation "prejudiced the interests of the defendant."  
Munson
, 319 Ill. at 604.

The 
Munson
 court further stated that what was said in reference to the State's Attorney's lack of authority to appear before the grand jury likewise applies to his participation in the trial of the cause or on appeal.  "The statute prohibiting the practice of law by one not licensed is to be observed in fact as well as in theory, and the fact that there may be associated in the trial of the case other persons actually licensed to practice law in nowise validates the participation of one not so authorized."  
Munson
, 319 Ill. at 605; see also 
People ex rel. Elliott v. Benefiel
, 405 Ill. 500 (1950) (State's Attorney must be licensed to practice law or be disqualified from office; appointment of licensed assistant State's Attorney does not cure defect).

The State argues that defendant must both show a constitutional due process violation in his trial and resulting prejudice and that he has failed to do so; thus, the State concludes he is not entitled to relief.  The State relies principally on a federal case and a New York case in arguing that a defendant's due process right to a fair trial is not violated when a criminal defendant is tried by an unlicensed assistant State's Attorney or assistant district attorney and that defendant has not shown how he was prejudiced.

For example, the State cites 
Munoz v. Keane
, 777 F. Supp. 282 (S.D.N.Y. 1991).  There, the district court held that the defendants were not denied due process when they were convicted of drug offenses in a trial prosecuted by a New York assistant district attorney, Daniel J. Penofsky, who had graduated from law school but had never been admitted to the practice of law in New York.  The district court determined that a constitutional right to be prosecuted by a licensed attorney had never been recognized.

Significantly, the district court also took note of the Illinois case cited by defendants there, 
People v. Munson
, 319 Ill. 596 (1925).  The district court interpreted 
Munson
 as "imposing a requirement that a prosecuting attorney be licensed" and concluded that the Illinois Supreme Court imposed such a requirement as a matter of common law.  
Munoz
, 777 F. Supp. at 285.  The district court also noted that 
Munson
 never reached the constitutional due process question.  Although the district court recognized the important powers and duties entrusted to the prosecutor and that it was preferable that a prosecutor be licensed to practice law in the particular jurisdiction, the court nevertheless concluded that the lack of admission to practice law did not necessarily undermine the fairness of the trial process.  The court further opined that, even if it were to accept that there existed a constitutional right to be prosecuted by a duly admitted attorney, defendants would have to demonstrate that Penofsky's conduct prejudiced them in some way.  
Munoz
, 777 F. Supp. at 285.

Given the broad official discretion and powers entrusted to the prosecutor as the representative of the People and officer of the court and the participation by an unlicensed person in the trial of the defendant, we reject the argument that defendant must demonstrate prejudice in such a case.
  Our supreme court found that defendant was prejudiced under similar circumstances in 
Munson
.  There, the court found that the unlicensed prosecutor's participation in the grand jury proceedings required that the indictment be quashed.

In support of its position, the State also cites 
People v. Carter
, 77 N.Y.2d 95, 566 N.E.2d 119 (1990).  In 
Carter
, the defendants were tried jointly before a jury and convicted of drug-

related crimes.  As in 
Munoz
, the same unlicensed prosecutor, Daniel J. Penofsky, was the assistant district attorney who presented the case to the grand jury and represented the People as prosecutor in the trial.   The defendants argued that Penofsky's lack of admission to the bar vitiated the authority to be present before the grand jury granted to him by virtue of his appointment as an assistant district attorney, that the proceedings were therefore defective, and that the indictments should have been dismissed.  The high court rejected these arguments, stating that Penofsky's unlicensed status did not, without more, undermine the underlying prosecutorial jurisdiction possessed by the special narcotics prosecutor or affect Penofsky's permission to be present before the grand jury as an assistant district attorney.  The reviewing court pointed out that neither the New York Constitution nor any New York statute required that a district attorney or assistant district attorney be admitted as a lawyer.  
Carter
, 77 N.Y.2d at 104-05, 566 N.E.2d 122-23.

The defendants also argued that their prosecution by a nonattorney constituted a violation of their fundamental rights of due process under the federal and state constitutions.  However, the court noted that they pointed to no aspect of the case where Penofsky's nonattorney status deprived them of a fair trial.  Defendants further argued that, because a fundamental right was involved, they were not required to identify any specific prejudice.  The court found no authority to support the proposition that a defendant has a due process right to be prosecuted by a duly admitted attorney and concluded that, in the absence of prejudice, there was no deprivation of defendants' due process rights.  
Carter
, 77 N.Y.2d at 106-07, 566 N.E.2d at 123-24.

However, in a vigorous dissent, Judge Titone assailed the position of the majority in holding that anyone can present the People's case to the grand jury, even an unadmitted layperson masquerading as an attorney.  He protested that this position makes a mockery of both the rules prohibiting the practice of law by laypersons and the grand jury system itself.  
Carter
, 77 N.Y.2d at 108, 566 N.E.2d at 124 (Titone, J., dissenting).  Judge Titone pointed out the legal and ethical dangers of permitting a layperson to exercise the discretion conferred upon the office of the district attorney and the danger of infringing upon the secrecy of grand jury proceedings.  Judge Titone could not concur in a rule that would permit the State to prosecute on the basis of an indictment obtained by a layperson (in that case, a "charlatan" such as Penofsky, who was not an officer of the court), because "such a rule compromises the integrity of the proceedings and thereby undermines the public's ability to invest its confidence in that process."  
Carter
, 77 N.Y.2d at 112, 566 N.E.2d at 127.

People v. Jackson
, 145 Misc. 2d 1020, 548 N.Y.S.2d 987 (1989), 
rev'd
, 163 A.D.2d 489, 558 N.Y.S.2d 590 (1990), is another case involving the same Daniel Panofsky, the unlicensed assistant district attorney who was the subject of the 
Munoz
 and 
Carter
 cases.  There, the lower court held that the assistant district attorney, who had never been licensed to practice law, lacked the authority to prosecute a felony case and that the prosecution of the felony by a nonlawyer required 
per se
 reversal of his conviction.  Citing 
Munson
, 319 Ill. 596, and other cases, the court noted that "[t]hose courts that have found that a prosecutor was practicing law without a license have vacated convictions solely on that basis."  
Jackson
, 145 Misc. 2d at___, 548 N.Y.S.2d at 992.

The lower court in 
Jackson
 traced the idiosyncratic history of New York law governing the prosecution of offenses there, and, after examining a number of factors, including the powers of the prosecutor, the fact that a fraud was committed upon the court, and the effect upon the integrity of the judicial process, the court concluded that it could not be a partner to the fraud and the illegality used to obtain the conviction.  The court adopted a 
per se
 rule that a felony conviction obtained by a nonlawyer prosecutor must be vacated without a showing of prejudice.  
Jackson
, 145 Misc. 2d at ___, 548 N.Y.S.2d at 995.  In a footnote, the court observed that, had it reached and applied a prejudice standard, the burden would be shifted to the state prosecutor once the defendant has shown the illegality of the conduct.  The court observed that the information regarding prejudice would be in the possession of the state rather than the defendant.  
Jackson
, 145 Misc. 2d at ___, 548 N.Y.S.2d at 995 n.3.  However, on further appeal, the court's decision was overturned in a summary memorandum opinion in 
People v. Jackson
, 163 A.D.2d 489, 558 N.Y.S.2d 590 (1990).  However, we find much merit in the lower court's exposition of the issue.

More recently, in 
In re Curry
, 86 N.Y.2d 470, 657 N.E.2d 1311, 634 N.Y.S.2d 28 (1995), the New York Court of Appeals, New York's highest court, held that the legal nature of the district attorney's duties and responsibilities to the public required that the person in such an office be admitted to the practice of law--

the precise question it stated had not been reached in 
Carter
.  The New York court appears to have reached a position similar to that of our supreme court in 
Munson
 in 1925.

After reviewing the above-cited authorities, we find it unnecessary to determine whether a due process violation occurred in the instant case.  Rather, we rely on Illinois law and on 
Munson
 in particular.  We hold that the participation in the trial by a prosecuting assistant State's Attorney who was not licensed to practice law under the laws of Illinois requires that the trial be deemed null and void 
ab initio
 and that the resulting final judgment is also void.  We further hold that 
Munson
 does not require a defendant to show prejudice under the circumstances presented here to have a conviction and sentence vacated.  We also conclude that the remedy was appropriate in this case.  The trial court properly vacated the void judgment and granted defendant a new trial.

Accordingly, the judgment of the circuit court of Winnebago County vacating the original judgment and granting defendant a new trial is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

INGLIS and GEIGER, JJ., concur.