FORD MOTOR CREDIT COMPANY, Plaintiff and Counterdefendant-Appellant, v. THOMAS B. SPERRY, d/b/a Thomas B. Sperry, Inc., Defendant and Counterplaintiff-Appellee (Sycamore Auto Center, Inc., Third-Party Defendant).

Second District    No. 2—02—0462

Opinion filed November 3, 2003.—Rehearing denied January 22, 2004.

KAPALA, J., dissenting.

Mary K. Schulz, of Schulz & Associates, P.C., of Chicago, for appellant.

Dewey G. Hollingsworth, of Truemper, Hollingsworth & Titiner, of Aurora, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Ford Motor Credit Company, appeals from an order declaring void the court's prior award of attorney fees to plaintiff. The court voided the fees award because the law firm representing plaintiff, Schulz and Associates, P.C. (the firm), had not registered with the Illinois Supreme Court, as required by Supreme Court Rule 721(c) (166 Ill. 2d R. 721(c)), and, therefore, was prohibited from practicing law when the firm obtained the fees award against defendant, Thomas B. Sperry, d/b/a Thomas B. Sperry, Inc. We affirm.

In 1993, defendant leased an automobile from third-party defendant, Sycamore Auto Center, Inc., which later assigned the lease to plaintiff. In 1995, plaintiff filed suit seeking the return of the vehicle and damages. Defendant filed a counterclaim against plaintiff and a third-party claim against third-party defendant, alleging, among other things, consumer fraud. After a 1999 trial, plaintiff and third-party defendant were granted a directed verdict on the consumer fraud claim. Plaintiff then petitioned for its attorney fees as the prevailing party on the consumer fraud claim (see 815 ILCS 505/10a (West 2000)), and the court granted the petition, awarding plaintiff $31,717.75. In May 2001, plaintiff began collection proceedings on the fees award.

On February 5, 2002, defendant moved the court to vacate its

order awarding plaintiff attorney fees and declare the order void *ab initio*. He contended that the fees award was null because, when the firm initiated the lawsuit and when it petitioned for attorney fees, the firm lacked a Rule 721(c) certificate of registration with the supreme court and was not permitted to practice law. He argued that the firm should not be entitled to attorney fees for its unauthorized act. After a hearing, the trial court granted defendant's motion, and this appeal followed.

■ The Professional Service Corporation Act (805 ILCS 10/1 *et seq.* (West 2000)) authorizes the incorporation of groups of individuals providing professional services, such as legal practice. Attorneys employed by a professional corporation must be licensed to practice law. 805 ILCS 10/3.4 (West 2000); 166 Ill. 2d R. 721(a). Before a professional service corporation may engage in the practice of law or open or maintain a law office, it must obtain a certificate of registration from the supreme court. 166 Ill. 2d R. 721(c). It is undisputed that, when it petitioned the court for attorney fees, the firm, a professional service corporation, did not have a Rule 721(c) certificate of registration.

■ ■ The question presented for our review is whether an order awarding statutory attorney fees is void if the law firm lacked a Rule 721(c) certificate of registration with the supreme court when it obtained the order. This issue is a question of law that we review *de novo*. *Pratt-Holdampf v. Trinity Medical Center*, 338 Ill. App. 3d 1079, 1083 (2003).

> "In Illinois, it is well established that only persons duly admitted to practice law in this state may appear on behalf of other persons. [Citations.] The normal effect of a person's unauthorized practice on behalf of a party is to require the dismissal of the cause or to treat the particular actions taken by the representative as a nullity." *Pratt-Holdampf*, 338 Ill. App. 3d at 1083.

The nullity rule was applied in *Remole Soil Service, Inc. v. Benson*, 68 Ill. App. 2d 234 (1966). In that case, the corporation plaintiff obtained a small claims judgment against the defendant. Throughout the proceedings, the plaintiff was represented by its office manager. *Remole*, 68 Ill. App. 2d at 236. The court determined that a corporation was not statutorily permitted to appear in court on its own behalf and could appear only by an attorney. *Remole*, 68 Ill. App. 2d at 238 (discussing Ill. Rev. Stat. 1965, ch. 32, pars. 411, 414, 415). Accordingly, it resolved that the proceedings were prosecuted by an unauthorized person and were null. It further held that the resulting judgment was void. *Remole*, 68 Ill. App. 2d at 239.

Recently, the consequences of a law firm's failure to obtain a Rule 721(c) certificate of registration were addressed in *Joseph P. Storto,*

*P.C. v. Becker*, 341 Ill. App. 3d 337 (2003). In *Storto*, this court considered "whether a law firm's failure to register as a corporation with the Illinois Supreme Court pursuant to Rule 721 provides a remedy to a former client of the law firm to void an otherwise valid contract with the law firm because of that Rule 721 violation." *Storto*, 341 Ill. App. 3d at 340.

In that case, the plaintiff law firm filed a complaint, seeking to recover its fees for services it had rendered pursuant to a contract with its former client, the defendant. *Storto*, 341 Ill. App. 3d at 338. The defendant moved for summary judgment. *Storto*, 341 Ill. App. 3d at 339. In support of its motion, the defendant contended that, when she contracted with the plaintiff for legal services, the plaintiff was not registered to practice law in the state as was required by Rule 721(c). She also asserted that her contract with the plaintiff was void and that she was not obligated to pay the plaintiff the unpaid legal fees. The trial court granted the defendant's summary judgment motion.

On appeal, this court reversed. The *Storto* court concluded that the defendant was not excused from paying her contractual obligations to the law firm even though the law firm had violated the supreme court rule. *Storto*, 341 Ill. App. 3d at 343. Under such circumstances, clients would be entitled to relief only if they demonstrated that they were harmed by the law firm's rule violation. *Storto*, 341 Ill. App. 3d at 343.

In our view, the circumstances in the present case are more similar to those involving the general nullity rule, like in *Remole*, than those discussed in *Storto*. The *Storto* court resolved whether a contractual obligation between the parties was enforceable despite the law firm's violation of the supreme court rule. In that situation, the client had an opportunity to investigate whether the law firm was licensed and negotiate with the law firm before entering into the contract. According to *Storto*, a client will not be excused from a contractual obligation without demonstrating how he or she was harmed by the law firm's failure to register with the supreme court. For example, a client might be harmed because he or she relied on the existence of the corporate entity in choosing that particular law firm. *Storto*, 341 Ill. App. 3d at 343. Additionally, a client might be harmed if the law firm representing it committed malpractice. *Storto*, 341 Ill. App. 3d at 343.

■ In this case, the firm is seeking statutory attorney fees from the opposing party. Unlike in *Storto*, it is not seeking attorney fees for services rendered to its client pursuant to a contract. The client in *Storto* received the benefit of legal services from the plaintiff and then attempted to use its violation of Rule 721 to excuse herself from

compensating it for those services. Here, defendant received no benefit from the firm's legal representation of plaintiff. Therefore, we conclude that the holding in *Storto* does not govern the present facts.

In sum, the firm was not properly registered with the supreme court when it obtained the attorney fees award. Like the plaintiff in *Remole*, it performed legal services without authorization and in violation of the law. The general rule of dismissal applies under such circumstances. Accordingly, we agree with the trial court's declaration that the order was void *ab initio*.

Plaintiff also contends that the court exceeded its authority in voiding the fees award and that defendant's collateral attack on the order was improper. Similar arguments were addressed in *People v. Dunson*, 316 Ill. App. 3d 760 (2000). The *Dunson* court upheld a collateral attack on a void judgment, explaining that the trial court had jurisdiction to grant relief from a void judgment because it had an inherent power to expunge void acts from its records at any time. *Dunson*, 316 Ill. App. 3d at 763. We agree with the holding in *Dunson*.

For these reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

HUTCHINSON, P.J., concurs.

JUSTICE KAPALA, dissenting:

I disagree with both the majority's conclusion that the trial court's order awarding attorney fees is void and its conclusion that *Joseph P. Storto, P.C. v. Becker*, 341 Ill. App. 3d 337 (2003), is inapplicable to the facts of this case and, therefore, I respectfully dissent.

First, the trial court erred in granting defendant's motion to vacate, which, I believe, was an improper collateral attack on an order. The order awarding plaintiff attorney fees was entered on May 8, 2000. Defendant's motion was filed almost 21 months later on February 5, 2002. Defendant brought his motion under the guise of a "Motion to Vacate the Void Orders of this Court." Apparently, defendant relies on the legal principle that a void judgment may be attacked at any time (*In re Estate of Steinfeld*, 158 Ill. 2d 1, 12 (1994)) to excuse the extended delay in filing his motion. Defendant's argument is twofold. On the one hand, defendant argues that the contract between plaintiff and its attorneys is void under public policy grounds and, therefore, the court's order under the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/10a(c) (West 2002)), that defendant pay attorney fees, is also void. Alternatively, citing *Remole*

*Soil Service, Inc. v. Benson*, 68 Ill. App. 2d 234 (1966), defendant argues the failure of plaintiff's attorneys' corporation to register under Supreme Court Rule 721(c) (166 Ill. 2d R. 721(c)) has the effect of voiding the proceedings and resulting judgment.

A void order is one entered by a court without jurisdiction of the subject matter or the parties, or by a court that lacks the inherent power to make or enter the order involved. *In re Estate of Steinfeld*, 158 Ill. 2d at 12; *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998). Even if defendant's argument that the contract was void is correct, basing an order for attorney fees on a void contract would not make the order itself void. The invalidity of the contract does not strip the court of jurisdiction nor does it render the court inherently without power to make or enter the order for attorney fees. Defendant relies on *Rome v. Upton*, 271 Ill. App. 3d 517 (1995), for the proposition that the trial court lacked subject matter jurisdiction to enter the order because a contract to pay attorney fees to a professional corporation not authorized to practice law is against public policy. However, the court in *Rome* held only that a contract based on matters against public policy is void, not that a judgment based on such matters is void. *Rome*, 271 Ill. App. 3d at 519-22. Consequently, defendant has failed to cite any support for this proposition and I fail to see any reason why the invalidity of a contract, whether predicated on public policy reasons or not, has the effect of removing the jurisdiction of the trial court.

Furthermore, I believe defendant's and the trial court's reliance on *Remole Soil Service, Inc. v. Benson*, 68 Ill. App. 2d 234 (1966), for the proposition that the proceedings are void is misguided. The nullity rule enunciated in *Remole* states that proceedings by a person not authorized to practice law, and any resulting judgment, are void. *Remole*, 68 Ill. App. 2d at 239. However, "[t]he purpose of the rule is to protect litigants against the mistakes of those ignorant of the law and the schemes of the unscrupulous, and to protect the court itself in the administration of its proceedings from those lacking requisite legal skills." *Pratt-Holdampf v. Trinity Medical Center*, 338 Ill. App. 3d 1079, 1083 (2003). In this case, neither purpose of the nullity rule is served and it should not be used to void the proceedings or judgment. As discussed below, we held in *Storto* that Rule 721(c) was not enacted for public protection purposes. *Storto*, 341 Ill. App. 3d at 344. Consequently, applying the nullity rule to a violation of Rule 721(c) would not protect litigants since Rule 721(c) was not designed to do so. We must keep in mind that at all times relevant to the court proceedings herein the individual in court on behalf of plaintiff was validly licensed to practice law. There are no allegations made in rela-

tion to the underlying action that the individual was ignorant of the law or unscrupulous. Additionally, the court is not protected by an application of the nullity rule to this case because a violation of Rule 721(c) simply indicates that the corporation is not properly registered, not that the attorney in question lacks requisite legal skills. Therefore, I do not believe it was appropriate for the majority to apply the nullity rule to void the judgment in this case.

Therefore, I conclude that the court's award of attorney fees was not subject to a collateral attack, such as the one attempted by defendant, and the trial court should have denied the motion. *In re Marriage of Mitchell*, 181 Ill. 2d at 174.

Next, even if defendant had properly appealed the award of attorney fees within the applicable time to appeal that order, I believe defendant's contention that he should not be required to pay plaintiff's attorney fees is incorrect. This court held in *Storto* that the failure of a law firm organized as a professional services corporation to pay its registration fees under Rule 721(c) did not relieve its clients of paying their attorney fees. I believe that the reasoning of *Storto* is equally applicable in this case. In *Storto*, we held that Rule 721(c) was not enacted for the protection of public safety and, therefore, contractual obligations owed to a corporation not properly registered under Rule 721(c) could not be voided absent a showing of prejudice resulting from the failure to register. *Storto*, 341 Ill. App. 3d at 342-44. We so held because to allow such an avoidance, absent prejudice, would be disproportionate to the wrong committed by the law firm. *Storto*, 341 Ill. App. 3d at 343. In this case, defendant was ordered to pay plaintiff's attorney fees under the Consumer Fraud and Deceptive Business Practices Act. 815 ILCS 505/10a(c) (West 2002). Defendant has not alleged that he was prejudiced in any way by plaintiff's attorneys not being properly registered. Furthermore, defendant's contention that the contractual relationship between plaintiff and its attorneys was void as against public policy must fail because we held in *Storto* that Rule 721(c) was not enacted for public protection and, therefore, public policy is not implicated when the rule is violated. Consequently, under *Storto*, to allow defendant to avoid paying attorney fees, absent prejudice, because of plaintiff's attorneys' failure to register would be disproportionate to any harm suffered by defendant.

The majority opinion states that because defendant was not the client, as was the case in *Storto*, and did not receive a benefit from the unregistered corporation, our decision in *Storto* is inapplicable. The only way I can see how this distinction would be relevant would be if our decision in *Storto* was predicated on an estoppel theory. That is, because the plaintiff in *Storto* accepted the benefit of her attorney's

services, she was estopped from attempting to avoid paying her attorney fees. However, this was not our reasoning in *Storto*. As I stated above, *Storto* turned on the fact that allowing the avoidance of contractual obligations because of the failure to register under Rule 721(c) would be disproportionate to the harm caused by the failure to register. *Storto*, 341 Ill. App. 3d at 343. In this case, to allow defendant to avoid his statutory duty to pay attorney fees would be even more disproportionate to the harm caused than was the case in *Storto*. The purpose, at least partly, of the attorney fees provision of the Consumer Fraud and Deceptive Business Practices Act is to encourage people to bring meritorious claims and to discourage the filing of frivolous claims. See *Majcher v. Laurel Motors, Inc.*, 287 Ill. App. 3d 719, 730 (1997) (considering the relative merits of the parties' positions as a factor in deciding whether or not to award attorney fees). To allow defendant to circumvent the objectives of a statutory provision with such an important public purpose would be even more disproportionate to any harm suffered by him than allowing the avoidance of a private contractual obligations would be. Since we refused to allow avoidance of private contractual obligations in *Storto*, I do not see how we can allow the avoidance of such a statutory obligation in this case.

For the foregoing reasons, I respectfully dissent from the majority opinion. I would reverse the trial court's order voiding its award of attorney fees.