**Opinion issued August 22, 2019.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-18-00354-CR**

**NO. 01-18-00355-CR**

**NO. 01-18-00356-CR**

———————————

**JASMINE LAURA MAYNES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case Nos. 10CR0891, 16CR2585 & 16CR2586**

---

## MEMORANDUM OPINION

Appellant Jasmine Laura Maynes is appealing her convictions for fraud by possession or use of identifying information, possession of a controlled substance, to wit, codeine, and possession of a controlled substance, to wit, dihydrocodeinone.

In a single issue, Maynes argues that the trial court erred in denying her motion for new trial because one of the prosecutors assigned to her cases had her law license temporarily suspended while Maynes's cases were pending. We affirm the trial court's judgments.

## Background

On October 4, 2010, Maynes pleaded guilty to fraud by possession or use of identifying information and was sentenced to four years' community supervision. The State filed a motion to revoke her community supervision in May 2013 after Maynes was charged with possession of a controlled substance, to wit, marijuana. After finding some of the allegations in the State's motion to be "true," the trial court denied the motion to revoke, but extended the term of Maynes's community supervision by three years.

Maynes was arrested again in May 2016 and charged with possession of a controlled substance; the State filed another motion to revoke Maynes's community supervision, based in part on the new charges.

On January 2, 2018, Maynes pleaded guilty to committing two felony charges: (1) possession of a controlled substance between 200 and 400 grams, to wit, dihydrocodeinone (cause no. 16-CR-2585), and (2) possession of a controlled substance, to wit, codeine (cause no. 16-CR-2586). Maynes also pleaded "true" to four allegations in the State's motion to revoke, including the two allegations that

she committed the offense of possession of a controlled substance. Maynes's punishment was tried to the bench in a one-day hearing held the same day. The record reflects that Galveston County assistant district attorneys Katy-Marie Lyles and James Haugh represented the State at this hearing.

The trial judge announced his rulings in a memo to the parties on January 3, 2018. Specifically, the trial court found Maynes guilty of the two felony possession charges, found most of the allegations in the motion to revoke to be "true," revoked Maynes's community supervision, and assessed her punishment in each case at two years' incarceration in TDCJ, with the sentences to run concurrently. The trial court did not enter judgment, however, until April 4, 2018.

On April 25, 2018, the State Bar of Texas notified Maynes's appellate attorney that Lyles had an administrative suspension for failing to take a required legal ethics course and that this administrative suspension had been in effect from February 2, 2018 until February 23, 2018.

Based on this information, Maynes filed a motion for new trial and a hearing was held on the motion in June 2018. Maynes attached letters and email messages that the Texas Center for Legal Ethics and the State Bar of Texas had sent to Lyles, beginning in July 2017, warning Lyles that her license to practice law would be suspended if she did not take the Justice James A. Baker Guide to Ethics and Professionalism in Texas. Maynes also attached a letter from the Clerk of the

3

Supreme Court of Texas, dated February 2, 2018, notifying Lyles that she was suspended from the practice of law in Texas.

Other correspondence in the record reflects that Lyles took the required course on February 19, 2018 and paid the required administrative fee on February 23, 2018.

During the hearing on her motion for new trial, Maynes argued that Lyles's handling of the three criminal cases while her law license was suspended in February violated Maynes's due process rights. Maynes's attorney claimed that a status conference occurred in the three cases while Lyles was suspended from the practice of law. Although a docket sheet entry indicates that a status conference was held on February 7, 2018, the entry does not indicate whether Lyles appeared at the conference. Maynes's appellate attorney, however, informed the trial court that he believed that Lyles had been in attendance.

The trial court denied Maynes's motions for new trial. This appeal followed.

**Denial of Motion for New Trial**

In her sole issue on appeal, Maynes argues that the trial court erred in denying her motion for new trial because Lyles's involvement in the three criminal proceedings while her license was suspended rendered the sentences and resulting judgments void. Specifically, Maynes argues that the judgments in all three cases are void because: (1) Lyles violated Maynes's right to due process by prosecuting the cases even though she was not licensed to practice law for part of the time the

4

cases were pending, and (2) Lyles committed a fraud on the court by practicing law without a valid license.

Void judgments are rare and typically occur when the court lacks jurisdiction, i.e., the court has a "complete lack of power to render the judgment in question." *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). A judgment in a criminal case is void when:

> (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant,
>
> (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law,
>
> (3) the record reflects that there is no evidence to support the conviction, or
>
> (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright*[, 372 U.S. 335 (1963)].

*Id.* at 668. "While we hesitate to call this an exclusive list, it is very nearly so." *Id.*; *cf. PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272, 275 (Tex. 2012) (holding civil "judgment is void if the defects in service are so substantial that the defendant was not afforded due process" and when court lacks jurisdiction of parties, property, or subject matter, has no jurisdiction to enter particular judgment, or has no capacity to act).

The parties do not dispute that the trial court had jurisdiction over all three cases. Rather, Maynes argues that we should adopt a rule that any judgment obtained by an unlicensed attorney is per se void and hold that practicing law without a valid license constitutes a fraud upon the court. *People v. Dunson*, 316 Ill. App. 3d 760, 770 (2000) (holding "the participation in the trial by a prosecuting assistant State's Attorney who was not licensed to practice law under the laws of Illinois requires that the trial be deemed null and void *ab initio* and that the resulting final judgment is also void").

*Dunson* is not binding precedent and it is factually distinguishable from the pending cases. Unlike in *Dunson*, Lyles was not "unlicensed" at any point during the three criminal proceedings because her temporary suspension was lifted, and she was restored to former status when she took the required course for new attorneys and paid the required administrative fee. *See* Order Regarding Suspension of Attorneys For Failure to Take *A Guide to The Basics of Law Practice*, Misc. Docket No. 06-9075 (Tex. Oct. 6, 2006); *see also* Tex. State Bar R. art. XII, § 10 (stating member who files activity report demonstrating compliance with Minimum Continuing Legal Education (MCLE) requirements and pays applicable fees "shall be entitled to have such suspension promptly terminated and be returned to former status. Return to former status shall be retroactive to the inception of suspension, but shall not affect any proceeding for discipline of the member for professional

6

misconduct."); *see generally id.* art. XII, § 6(D) (stating "[c]redit for the Justice James A. Baker Guide to Ethics and Professionalism in Texas, sponsored by the Texas Center for Legal Ethics, may count toward the [Minimum Continuing Legal Education] requirements" under certain circumstances).

The Texas Court of Criminal Appeals applied retroactive restoration to the temporary suspension of an attorney's law license based on technical violations, such as non-payment of bar dues and non-compliance with MCLE requirements. *See Hill v. State*, 393 S.W.2d 901, 904 (Tex. Crim. App. 1965) (failure to pay bar dues); *Henson v. State*, 915 S.W.2d 186, 195 (Tex. App.—Corpus Christi 1996, no pet.) (holding *Hill* "applies to an attorney's non-compliance with the State Bar's Minimum Continuing Legal Education requirements").

The *Hill* court concluded that an attorney whose license to practice law had been suspended because he had not paid his bar dues was not considered "unlicensed to practice law in this State" because he only had to pay his dues "to resume his status as a 'practicing lawyer.'" *Hill*, 393 S.W.3d at 904. The court further reasoned,

> Such attorney does not have to again show his fitness or qualifications to practice law. He does not have to be re-admitted to the practice. His competency as an attorney has not been diminished. He faces no future disbarment proceedings. He automatically resumes his status as an active member of the State Bar of Texas. The payment of his delinquent dues has the same effect for him as a nunc pro tunc judgment. He, in effect, enters a nunc pro tunc judgment for himself.

7

*Id.* When Lyles took the required course for new attorneys and paid the required administrative fee, she automatically resumed her status as a practicing attorney and an active member of the Bar. *See id.* ("When the delinquent attorney-member pays his delinquent dues he then is restored to the status that he occupied prior to becoming delinquent."); *Henson*, 915 S.W.2d at 195 (holding attorney "was reinstated to his former status as a practicing attorney as soon as he presented the State Bar with proof of compliance with the MCLE requirements" and "this reinstatement was retroactive to the date of the original suspension").

Due process guarantees a criminal defendant a right to a fair trial, not a perfect one. *Davis v. State*, 203 S.W.3d 845, 849 (Tex. Crim. App. 2006), *citing Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986)). Therefore, even if Lyles was unlicensed during part of the time Maynes's cases were pending, Maynes would not be entitled to a reversal of the judgments unless Maynes was actually prejudiced by Lyles's involvement in the cases. *See Landers v. State*, 256 S.W.3d 295, 304–05 (Tex. Crim. App. 2008) (requiring "'actual prejudice,' not just the threat of possible prejudice to his rights by virtue of the district attorney's prior representation").

The record reflects that Lyles was unquestionably licensed when she represented the State at the hearing during which time Maynes pleaded guilty to two charges, "true" to some allegations in the motion to revoke, and Maynes's punishment was tried to the bench. Lyles was also licensed when the trial court

announced its ruling, including its sentences in all three cases, and when the judgments were entered. Unlike in *Dunson*, there is no evidence that Lyles appeared before the trial court in any of Maynes's cases while her license was administratively suspended in February 2018. Although a docket sheet entry indicates that a status conference was held during Lyles's suspension period, there is no evidence in the record that Lyles appeared at the conference. There is also no evidence in the record regarding what transpired during the status conference, and, given the fact that there is no difference between the sentences announced by the court in a January 3, 2018 memo to the parties and the judgments signed in April, we question how much of an impact that conference had on Maynes's sentences. At most, the record reflects a threat of possible prejudice, which is not enough to warrant reversal. *See Landers*, 256 S.W.3d at 304–05.

Furthermore, we are not aware of any Texas case holding that practicing law with a temporarily suspended license constitutes a fraud upon the court and we are not prepared to do so based on the record before us. *See generally Nix*, 65 S.W.3d at 668 (stating "for a judgment to be void, the record must leave no question about the existence of the fundamental defect").

We overrule Maynes's sole issue.

## Conclusion

We affirm the trial court's judgments.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.

Do not publish. TEX. R. APP. PROC. 47.2(b).