**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49533**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 15, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DANIELLE HAMILTON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Judgment of conviction for attempted strangulation, domestic battery with traumatic injury in the presence of a child, and battery, <u>affirmed</u>.

Bond Black & Nightengale; J.W. Bond, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Danielle Hamilton appeals from her conviction for attempted strangulation, domestic battery with traumatic injury in the presence of a child, and misdemeanor battery. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After Hamilton had an altercation with her husband, the State charged her with attempted strangulation and domestic battery with traumatic injury in the presence of a child. Additionally, the State charged Hamilton with misdemeanor battery for acts she committed against her neighbor. Hamilton pled not guilty, and the case proceeded to trial.

On July 30, 2021, which was a few days before trial, the prosecutor and Hamilton's defense counsel signed a "Stipulation for Appearance of Limited License Intern for Purposes of Assisting with Trial." The stipulation was filed with the district court that same day. The stipulation

specifically identified a limited-licensed intern ("licensed intern") working for the State at that time and provided that the prosecutor and defense counsel both agreed the licensed intern could assist in the trial against Hamilton under Idaho Bar Commission Rule 226.

On August 2, the district court held a conference, the minutes of which reflect that Hamilton waived her right to a jury trial; the prosecutor informed the court he and the licensed intern would represent the State at trial; and defense counsel had stipulated to the licensed intern's appearance at trial. The following day, the licensed intern appeared at trial on behalf of the State, presented the State's opening statement, and conducted the direct examination of two witnesses.

At the beginning of the second day of trial, the prosecutor addressed the district court, stating the clerk had notified him the stipulation had an incorrect heading. The court responded the error was actually in the proposed order, explaining:

> The order didn't name [the licensed intern], and it also didn't have a header on it indicating who drafted it. So it's just the order that needs to be resubmitted. You don't have to do the stipulation over again. Just put a header on the order and name [the licensed intern], and we're good to go.
> . . . .
> . . . And when I sign it, I'll just sign it nunc pro tunc to the first day of trial. So we're good.

Hamilton's defense counsel did not object to or otherwise comment on the court proceeding in this manner. Later that day, the court signed an order granting the licensed intern leave to appear at trial and dated it "nunc pro tunc to 08/02/2121." Hamilton's defense counsel did not object to this order's entry.

At the conclusion of the two-day trial, after seven witnesses testified, the district court found Hamilton guilty on all three counts. Hamilton timely appeals.

## II.

## ANALYSIS

Hamilton acknowledges Rule 226 of the Idaho Bar Commission Rules provides a legal intern may "[p]articipate in proceedings before a district court, without the presence of the supervising attorney, if the proceedings are based on a stipulation between the parties." Hamilton contends, however, that the State violated this rule. Specifically, she asserts "there was not a valid stipulation and order from the parties at the time [the licensed intern] prosecuted Hamilton," describing the proposed order as "rife with egregious errors" and "the result of [the State's] egregious negligence." She argues that "the failure to submit a stipulation and order which at a

2

minimum properly identified [the licensed intern] as a limited license attorney, *prior to him engaging in the prosecution*, must result in a reversal of the resulting conviction."

As an initial matter, we note Hamilton's argument that the State failed to submit a stipulation properly identifying the licensed intern misrepresents the record. The record shows that on July 30--a few days before trial commenced--the parties signed a stipulation which specifically identified the licensed intern by name, included the parties' agreement to his participation in the trial, and was filed with the district court. Neither the court nor Hamilton identified any errors or anomalies in this stipulation. Accordingly, Hamilton's assertion that the stipulation was not "valid" lacks merit.

Further, Rule 226 only requires a stipulation between the parties; it does not require a court order. Hamilton does not cite any authority to the contrary or otherwise argue a licensed intern's limited practice under Rule 226 requires a court order or other approval. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (ruling party waives appellate issue if either authority or argument is lacking). Because Rule 226 provided for the licensed intern's participation in the trial, Hamilton's assertion that she was prosecuted "by a person who was not legally entitled to engage in the prosecution or appear before the [district court]" is without merit.

Because the licensed intern lawfully participated in the trial, we need not consider Hamilton's argument that this Court should adopt a per se rule invaliding her conviction because it "result[ed] from prosecution by a person who was not legally entitled to engage in the prosecution or appear before [the district court]." Regardless, the case on which Hamilton relies in support of this argument, *People v. Dunson*, 737 N.E.2d 699 (Ill. Ct. App. 2000), is distinguishable. In that case, Dunson was convicted following a trial in which an individual who was not licensed to practice law represented the State. *Id.* at 700. Later, Dunson moved to vacate the convictions, arguing "the prosecution of defendant by a person not licensed to practice law contravened Illinois law and denied defendant due process of law." *Id.* The trial court vacated Dunson's convictions and granted him a new trial. *Id.* at 701.

On appeal, the Illinois appellate court affirmed the district court's decision. *Id.* at 706. In doing so, the court concluded it was "unnecessary to determine whether a due process violation occurred in the instant case." *Id.* Rather, it held that an unlicensed prosecuting assistant's participation in the trial required that "the trial be deemed null and void *ab initio* and that the

resulting final judgment [was] also void." *Id*. Unlike *Dunson*, however, the licensed intern in this case lawfully participated in Hamilton's trial under Rule 226.

Finally, acknowledging she failed to object to either the licensed intern's participation in the trial, the district court's manner of proceeding without an order, or the nunc pro tunc order, Hamilton argues the participation of "an unlicensed prosecutor was fundamental or structural error."[1] Hamilton, however, makes no arguments regarding either why a licensed intern's participation in trial to which she expressly consented was structural error or fulfilled the elements of the fundamental error doctrine. *See State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019) (requiring defendant to show violation of unwaived constitutional right and clear and obvious error affecting substantial rights to establish fundamental error). Rather, Hamilton generally argues the State violated her due process rights and "numerous provisions of Idaho Law, the Rules of Professional Conduct, the Bar's Rule permitting the practice of Limited License attorneys, and public policy." This general argument fails to establish either a structural or a fundamental error.

### III.

### CONCLUSION

Hamilton fails to show the licensed intern's participation in the trial was error or otherwise violated her rights. Accordingly, we affirm the judgment of conviction.

Judge GRATTON and Judge HUSKEY **CONCUR**.

---

[1] Although the State does not argue Hamilton invited the purported error about which she complains, the invited error doctrine precludes her from challenging the licensed intern's participation in her trial. The doctrine applies to estop a party from asserting an error when her own conduct induces the alleged error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain about an error in which one has consented or acquiesced. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In this case, Hamilton consented by written stipulation to the licensed intern's participation in the trial.